JONAS H. COOK V. THE OTTAWA UNIVERSITY, *et al.*

1. TRIALS; PRACTICE; *Opening Case after being Submitted.* Granting or refusing applications for leave to open a case, after it has been submitted to the court or jury for decision, and offer additional testimony, is largely within the discretion of the trial court, and presents no ground of error unless such discretion has been abused.

2. ——— *Evidence; Issue.* Such applications should always be overruled where the testimony sought to be introduced is incompetent under the pleadings, and no application made for their amendment.

3. MORTGAGEE; *Rights and Liabilities.* A mortgagee in possession is responsible for the rents and profits, is allowed for the ordinary repairs, but not for permanent improvements placed upon the mortgaged premises merely for his convenience.

*Error from Franklin District Court.*

FORECLOSURE, brought by *Cook*, (as assignee of one Libby, the mortgagee,) against the *Ottawa University* and two others. The note for which the mortgage was given as security was for $2,000 with interest at twenty per cent. from date. The pleadings and essential facts are sufficiently stated in the opinion, *infra*. The case was tried before A.W.B., referee. He held the note to be usurious; that the principal only could be recovered, and he reported that plaintiff *Cook* since going into possession of the mortgaged property had for his own convenience made permanent improvements or betterments thereon to the value of $792.61, and had made necessary repairs and improvements to the value of $230.23, and that *Cook* was chargeable with $1158.50 for rents and profits. In stating the case for judgment the referee allowed *Cook* the face of the note, $2,000, and said $230.23 for necessary repairs, etc., amounting to $2,230.23, and charged him with said sum of $1158.50 for rents and profits, leaving balance in his favor, and against the *Ottawa University*, of $1071.73, for the payment of which he decided that a sale of the mortgaged premises should be ordered. The district court, in confirming the report of the referee, and on the basis of his decree,

allowed defendants further rents and profits from the date of the report to the confirmation to the amount of $250, leaving due *Cook* the sum of $821.73. The report of the referee was confirmed by the district court, at the March Term 1873. *Cook* regarded the amount allowed him as too small, and brings the case here on error. (The action below was commenced by "Sears & Maxwell," as attorneys for plaintiff, but Mr. Maxwell alone appeared and tried the case on the part of plaintiff before the referee.)

*Wm. H. Maxwell*, for plaintiff, filed an elaborate brief, in which he maintained that Cook, the assignee of the mortgage, entered into possession of the mortgaged premises with the assent of the mortgagor, and under a contract of purchase; that it was error to deny him the right to prove this by direct evidence; that it was error to adjudge rents and profits against him, and not allow him for permanent improvements or betterments of the property; that it was error to exclude evidence offered by him, being thus in possession, of his having purchased an outstanding title, lien, or incumbrance; that it was error to deny him the right to introduce in evidence a tax title, perfected by lapse of time, acquired of the property in dispute under a sale for taxes, the payment of which as a duty was imposed by law on the mortgagor; and that a purchaser pending the litigation takes his title subject to any future decree that may rightfully be pronounced in the cause.

*John W. Deford*, for defendants, submitted that there was no error in the refusal of the referee to "open the case," and receive evidence of title in Cook, derived from certain conveyances of the mortgaged premises to him, and from two tax deeds. It was not error "to adjudge rents and profits against plaintiff, and not allow him for permanent betterments of the property." Necessary repairs are to be allowed in such cases, but they must be strictly *necessary* to continue the mortgaged premises in the condition in which they were when received by the mortgagee, and not to extend or im-

prove them. Improvements made by him while in possession, without the knowledge or consent of the mortgagor, or his assignees, cannot be allowed for, however substantial, lasting, beneficial, or valuable they may be. 2 Pick., 505; 14 Gray, 133; 1 Hil. on Mort., 460, § 22; 2 Am. Rep., 144; 2 Dan. Ch., 1239. The note was usurious, and no interest was recoverable: *Jenness v. Cutler*, 12 Kas., 500.

The opinion of the court was delivered by

BREWER, J.: This was an action on a note and mortgage. The petition alleged that the Ottawa University executed a note and mortgage to one Washington Libby; that the latter duly assigned the same to plaintiff; that the note was unpaid, and that the other defendants John T. and Jane K. Jones claimed some interest in the mortgaged premises, and prayed a decree of foreclosure and sale. The University answered, pleading usury in the note, which upon its face drew twenty per cent. interest, and admitting the answers of its co-defendants. The other defendants filed separate answers, admitting the execution of the note and mortgage, and the assignment thereof to plaintiff, but alleging subsequent conveyances to themselves from the University of the mortgaged premises, and pleading usury; and further, that without the knowledge or consent of either of the defendants, and without any rightful authority, the plaintiff had subsequently to his purchase of the note and mortgage entered into possession of the mortgaged premises, and received the rents and profits thereof, which they asked might be applied in payment of the principal of the note. To these answers the plaintiff filed a general denial. Upon these pleadings the trial was had. The defendants called the plaintiff, who admitted taking possession of the property, upon which were two houses, one of which he occupied himself and the other rented. He testified to making some repairs, and some permanent improvements. He also testified upon cross-examination to a conversation with Mr. Atkinson, the managing officer of the University, prior to taking possession, and in relation thereto, as follows:

"Went to see Mr. Atkinson about buying the property. He had before that time offered it to me for sale. Mr. Atkinson said if I bought the property he would see that I got possession. Told him that I wanted possession immediately. Atkinson said he could give possession at any time. Told him that Zimmerman was in possession under a lease, until next spring; and that he would have to be paid something to go out. Atkinson said that Z. had not got it for any certain time, but went and hunted up the lease, and found that Zimmerman did have a lease for it until spring. Atkinson then said, 'I think I can make an arrangement; if you buy the property, you shall have possession anyway.' This was all that was said about possession, and was before I purchased the note from Washington Libby. I last saw the lease of Zimmerman in Mr. Atkinson's office at the University building. Zimmerman went out of the property, and I immediately went into possession. This was two weeks after the conversation with Atkinson."

No other testimony was given as to the manner of acquiring possession. He had prior thereto been asked if he had had any conversation with Atkinson about the purchase of the property, but an objection had been sustained to this question. Upon the whole testimony the note calling for twenty per cent. interest was held usurious, and only the principal collectible. Cook as mortgagee in possession was charged with the rents and profits, and allowed for the repairs, but not for the permanent improvements placed upon the premises for his own convenience.

After the case had once been closed, Cook moved for leave to open the case to enable him to introduce two tax deeds under which he claimed title, but the motion was overruled. He also moved for leave to open the case to offer some title papers to part of the premises, but this motion was also overruled. No application was at any time made for leave to amend the pleadings, though the intimation is given by counsel in his brief that if the judgment be reversed the case would not be tried again upon the same pleadings. We have given the case careful attention, and are constrained to say that we find nothing to justify a reversal of the judgment. So far as the applications to open the case are concerned, such matters are

largely within the discretion of the trial tribunal, and an abuse of that discretion should appear before a reversal will be ordered. In this case the trial was had before a referee. The petition was filed in January 1870. On December 13th 1870 the case was referred, and the report of the referee filed August 2d 1872. The trial commenced November 1st 1871, and the applications for leave to open the case were made May 7th and July 13th 1872. Where a case has been protracted, as this was, for such a length of time, there should be very urgent reasons presented to justify the opening of the case for additional testimony. No showing was made when the tax deeds were sought to be introduced; and the only reason offered on the other application was, that plaintiff supposed his title papers were already in evidence, and that the counsel employed in the commencement of the action had not been present at any of the hearings before the referee. We should hardly think the ruling of the referee was other than correct upon this application, if the testimony had been competent and of vital importance. The absence of counsel, when a party is represented by one so able and competent as the learned gentleman who did conduct the trial, is rarely sufficient to justify the opening of a case after the evidence is in, and the findings announced. But this testimony was clearly incompetent under the pleadings. The plaintiff sued as mortgagee; he made no claim of title, but sought by a decree of foreclosure and sale to divest the defendants of the title he conceded to be in them or some of them. Under such pleadings he could not show title in himself, whether derived from tax deeds or otherwise. On both grounds therefore the rulings would have to be sustained. For the reason last above given there was no error in ruling out the question asked as to conversations about the purchase of the property. No question is made as to the ruling upon the matter of usury. None could be. Nor can there be any question as to the ruling, charging the mortgagee in possession with the rents and profits, allowing him for repairs, and disallowing for all permanent improvements placed upon the premises merely

for his own convenience. *Woodward v. Phillips*, 14 Gray, 132; *Muckles v. Dillage*, 17 N. Y., 80; *McCarron v. Cassidy*, 18 Ark., 34; 1 Hilliard on Mortgage, 460, § 22; 2 Dan. Ch., 1239.

The judgment will be affirmed.

All the Justices concurring.