S. B. OBERLANDER, *et al.*, v. ESTHER A. CONFREY.

1. CASE, *Reopened for Evidence, Not Error.* Where a plaintiff introduces her evidence and rests her case, and the defendant demurs to the evidence, and while his counsel is making an argument upon the demurrer, the court, over the defendant's objection, grants leave to the plaintiff to open her case and to introduce further testimony, *held*, not error; that it is all within the sound judicial discretion of the trial court.

2. ———— *Dismissal.* A plaintiff, without any order or judgment of the trial court, cannot actually dismiss his case from the court.

*Error from Elk District Court.*

THE opinion states the case.

*Brush & Carr*, for plaintiffs in error.

*D. W. Dunnett*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Elk county, by Esther A. Confrey against S. B. Oberlander and T. C. Hatton, to recover on an attachment bond. At the May term, 1886, the case was tried before the court without a jury, and the court made a general finding and rendered judgment in favor of the plaintiff and against the defendants for the sum of $71.95; and to reverse this judgment the defendants, as plaintiffs in error, bring the case to this court.

The first ruling of the court below complained of is, the

overruling of an objection made by the defendants below to the introduction of any evidence under the plaintiff's petition, upon the ground that it did not state facts sufficient to constitute a cause of action. It would be useless to discuss this point. There is nothing in it.

The next ruling complained of is, that the court below, after the plaintiff had introduced all her testimony and rested her case, and after the defendants had demurred to her evidence, upon the ground that it did not prove any cause of action, and while the defendants' counsel were making their argument upon the demurrer, over the objections of the defendants granted the plaintiff leave to reopen her case and to introduce further testimony. There was no error in this. It was all within the sound judicial discretion of the trial court. (*Cook v. Ottawa University*, 14 Kas. 548; *St. J. & D. C. Rld. Co. v. Dryden*, 17 id. 279; *A. & N. Rld. Co. v. Reecher*, 24 id. 228; *Mason v. Ryus*, 26 id. 467.)

After the plaintiff below had introduced further testimony, and again rested, the defendants below again demurred to the evidence, for the reason that it did not prove any cause of action; and the court below overruled the demurrer. This is claimed to be erroneous for several reasons, among which are the following: It is claimed that the attachment proceedings were against Vincent Confrey alone, and not against the plaintiff, Esther A. Confrey; that such proceedings were regular and valid; that the attachment bond was given only to Vincent Confrey; that none of the property of Esther A. Confrey was disturbed; that there is nothing in the case to show that any of the attachment proceedings were irregular or wrongful, except an order of the judge of the court below made at chambers, discharging the attachment, and it is claimed that before this order of discharge was made the entire action in which the attachment proceedings were had had been dismissed. In every one of the foregoing matters the plaintiffs in error, defendants below, are mistaken. In the attachment case no cause of action was stated as against Mrs. Confrey; no sufficient affidavit for the attachment was filed as against

her; the attachment bond was given to her as well as to Vincent Confrey; the order of attachment was issued against her as well as against Vincent Confrey; her property was attached by means of garnishment proceedings connected with the attachment proceedings; the attachment suit was not dismissed when the judge of the court below discharged the attachment; her property had not been released at that time from the garnishment proceedings; nor had any notice been given to the garnishee of the supposed dismissal of the action, or the supposed release of the plaintiff's property. On the day preceding the discharge of the attachment, a paper was filed in the attachment case by the plaintiff in that case, Oberlander, purporting to dismiss the action, and notice was given to Mrs. Confrey's attorney, but no judgment was rendered or order made by the court dismissing the case; nor was the supposed dismissal called to the attention of the court until a long time afterward; and therefore the cause was not dismissed. Dismissals under the civil code (article 17) are judgments, which neither of the parties, nor the clerk, nor all together, but only the court, can render. Besides, the plaintiff in that case, Oberlander, did not release Mrs. Confrey's property from the attachment and garnishment proceedings, nor give notice to the garnishee that it was released, and the only means by which she could procure its release was by obtaining a discharge of the attachment, as she did. But really, it makes but very little difference in this case whether the suit was dismissed before the attachment was discharged, or not, and it is at least questionable whether this question is properly presented to this court by the assignments of error and the record.

It is further said that the court below erred in excluding evidence offered by the defendants below. No page of the record is cited, however, and we fail to discover any such error.

The judgment of the court below will be affirmed.

All the Justices concurring.