## THE GERMAN FIRE INSURANCE COMPANY v. GEO. W. THOMPSON.

INSURANCE — *Policy Enforced for Benefit of Builder.* Where a builder contracts with the owner of lots to furnish the material and erect thereon a house, and said builder, desiring a contractor's insurance on the building, goes with the owner to an insurance agency and makes application for such insurance, and the agents issue a policy in the name of the owner, and insert therein a clause, "contractor's insurance for thirty days," and the intention is to indemnify the contractor against loss by fire for thirty days, and at the expiration of that time indemnify the owner against loss by fire on said building for three years, *held*, that such a policy may be enforced for the benefit of the builder. *Held also,* That to explain and give effect to such a policy, oral evidence may be resorted to.

*Error from Wyandotte District Court.*

ACTION to recover on an insurance policy. Judgment for the plaintiff *Thompson,* at the December term, 1887. The facts appear in the opinion.

*Scroggs & Gibson,* for plaintiff in error; *Rubens, Ames & Mott,* of counsel.

*J. O. Fife,* for defendant in error.

Opinion by STRANG, C.: This action was brought in the district court of Wyandotte county, by George W. Thompson, upon a policy of insurance to recover a loss by fire. George W. Thompson contracted with one F. A. Crouch to furnish the material and erect for said Crouch a six-room house, and turn it over in a completed state, for $1,250. When the house was nearing completion, Thompson thought it best to procure a contractor's insurance thereon. He spoke to Mr. Crouch about it, and together they went to the office of Messrs. Boddington & Foster, insurance agents. Thompson, the plaintiff below, made his desire known to the agents, telling them all about the *status* of the building, his interest therein, and the time he thought necessary in which to complete and turn

over the house to Crouch, and asked for insurance in the sum of $750, for thirty days. He questioned them to ascertain the cost of that amount of insurance for the time stated. They told him if Crouch would insure his interest in the building with them, they could put both in one policy, and thus his insurance would come cheaper. Crouch was consulted, and said that arrangement would suit him; whereupon the agents said they would draw a policy to Crouch for the term of three years, with a contractor's insurance for thirty days. Thompson said he did not know about such matters, but if that was the way to do, it was all right, and offered to pay his premium; but the agent said he had not figured out the amount of his premium; that he (Thompson) might settle with Crouch for his part of the premium, and they would settle the whole matter with Crouch. Thompson then asked when his insurance would commence, and they replied, "At once—this minute." The agents then explained that his contractor's risk commenced then and ran for thirty days, when it would expire, and Crouch's risk would then commence and run from the end of the thirty days for the lifetime of the policy. The policy was written up by Boddington, one of the insurance firm, on the 2d or 3d day of December, 1884, but was not dated, on account of his being called away, until the 16th of the month. A day or two after Thompson and Crouch were at the insurance office and made their application for insurance, Crouch, who had before this deeded his lots, on which the house so insured was erected, to one Grier, as security for money borrowed of Grier, saw Foster, one of the said firm of insurance agents, and informed him of the fact that the lots were deeded to Grier as security, and told him he might make the interest he had in the policy payable to Grier. The policy, however, was never changed. At the time Thompson and Crouch made their application for insurance, Crouch informed the agents that he did not have the money with him to pay his premium. Boddington said, "That is all right; we have money matters between us and we can fix that all right." Afterward, and after the loss occurred, Crouch paid the premium

to Boddington. The fire, which resulted in the loss, occurred the night of December 31, and within the thirty days during which the contractor's risk in favor of Thompson ran. Thompson furnished the defendant below with proof of his loss within the time allowed by the policy. The case was tried by the court and a jury, and a verdict rendered for the plaintiff for $897.27. Defendant interposed a motion to set aside the verdict and for a new trial. Motion overruled; and the defendant comes here with its case-made, assigning quite a number of errors, but seems to rely on only two of them, since but two questions are discussed in the brief. And in fact several of the errors assigned raise the same question, based upon separate exceptions taken at different stages of progress in the trial below.

The first question we will consider is the one raised by the exception to the ruling of the court on the defendant's objection to any evidence being received under the petition in the case. This question is also raised by a demurrer to the petition, and the ruling of the trial court thereon, which was excepted to; but as the objection to the reception of evidence raises the whole question, and that is the one discussed in the brief of plaintiff in error, we will take the matter in the same order. The question raised under this assignment of error is, does the petition state a cause of action in favor of the plaintiff below, George W. Thompson, and against the defendant below? The plaintiff in error asserts that it does not, and bases its assertion upon the fact that the policy which is attached to the petition of the plaintiff below and made a part thereof, and upon which the suit is founded, shows that it was issued to F. A. Crouch, and promised to idemnify him against loss or damage by fire; and nowhere in said policy does the name of Thompson, the plaintiff in the action, appear; nor does such policy anywhere by its terms promise to idemnify him (Thompson) against loss or damage by fire. An examination of the third amended petition satisfies us that the plaintiff in error is mistaken; that the petition does state a cause of action in favor of the plaintiff below and against the defendant be-

low, and that the court therefore committed no error in its ruling complained of. It is true that the policy upon its face discloses a contract of insurance between the company and F. A. Crouch; but it also discloses something more. It contains the words "with a contractor's insurance for thirty days." These words are wholly unnecessary and superfluous so far as any insurance to Crouch in said policy is concerned. They can have no relation to his contract with the company. We must presume these words were included in said insurance policy for some purpose. The plaintiff in error insists that they were incorporated in said policy for the purpose of indicating that other and separate insurance was consented to by the company. That view eliminates Thompson, plaintiff below, from the case entirely, and that is the construction contended for by the counsel for the plaintiff in error, who, in their brief, intimate that growing out of Thompson's conversation with the agents of the company he may have an oral contract, or policy, with said company, upon which he might make a claim for his loss; and, if not paid, sue and recover. But the words "with contractor's insurance for thirty days" are not of themselves sufficient for the purpose of allowing other insurance. If inserted in the policy for that purpose, they need to be supplemented in order to give them effect. If for that purpose, how much other insurance is allowed? There is nothing in the words to indicate the amount of other insurance allowed. The amount of other insurance allowed is as material as that other insurance is allowed at all. It would seem, even from an inspection of the policy, that it is no more rational to say that the words under consideration mean simply that other insurance is allowed, than that they have the effect claimed for them by the plaintiff in error. But the petition alleges that the policy sued on was issued for the express purpose of insuring Thompson on a contractor's risk for thirty days, and that the words "with a contractor's insurance for thirty days" were inserted in said policy with the intention of reaching that result. This allegation, coupled with the fact that the meaning of the policy sued on is not

clear, (in fact it is so ambiguous that to give it effect for any purpose contended for by either party in the case it must be explained,) leads us to conclude that the objection to the reception of evidence under the petition was properly overruled.

The next question is, is it proper, in order to explain and give effect to the words "with a contractor's insurance for thirty days," to allow the introduction of. parol evidence? We think it is. Not for the purpose of changing or altering, by diminishing or enlarging the contract of the parties, which may not be done, but for the purpose of learning what the real contract of the parties is, for the purpose of making clear the contract, which, upon its face, is uncertain and ambiguous. (*Clinton v. Insurance Co.*, 45 N. Y. 454; *Simpson v. Kimberlin*, 12 Kas. 579.) Where a contract is susceptible of two constructions, evidence of the surrounding circumstances and the conversation of the parties relating thereto is admissible to enable the court and jury to arrive at its true meaning. (*Babcock v. Deford*, 14 Kas. 408; *Mason v. Ryus*, 26 id. 464.) We do not think the oral evidence contradicts the written contract. It simply explains and gives effect to the contract that without it is unintelligible.

Plaintiff complains that the court permitted the plaintiff below to open his case, after the overruling of a demurrer to the evidence, and introduce additional testimony. The opening of the case for additional testimony after a demurrer to the evidence is overruled is not error. The statute (¶ 4370, General Statutes of 1889) makes this a matter of discretion with the trial court. (*Cook v. Ottawa University*, 14 Kas. 548; *St. J. & D. C. Rld. Co. v. Dryden*, 17 id. 279; *A. & N. Rld. Co. v. Reecher*, 24 id. 228; *Mason v. Ryus*, 26 id. 467; *Oberlander v. Confrey*, 38 id. 462.)

The plaintiff charges that the jury were permitted by the court to separate during the trial without the usual admonition. When the plaintiff below rested his case, the defendant below demurred to the evidence. The demurrer was heard and overruled, and counsel passed up to the court the instructions they wished. At this point the court permitted the jury

to separate, without having first admonished them, as required by statute. The record shows that the separation was but for a few moments, while the judge examined the instructions. There is nothing to show that the jury left the court-room even, nor anything to show that anything occurred during such separation to in any manner affect the relation of any of the jurors to the case. The separation of the jury without the statutory injunction was an irregularity, but we do not think it in any way prejudiced the plaintiff's case; and, as under our code it is only material error that we can notice, we cannot disturb the action of the trial court upon this ground. We have now examined all matters alleged as error in the record before us, and conclude that the judgment of the district court ought to be affirmed, and such is our recommendation.

By the Court: It is so ordered.

All the Justices concurring.