CHARLES ·H. MORRILL, RECEIVER, APPELLEE, V. LIZZIE C. SKINNER, APPELLANT, ET AL.

FILED DECEMBER 8, 1898. No. 8433.

1. **Homestead: HUSBAND'S ABANDONMENT OF WIFE.** Homestead rights cannot be divested by the act of the husband alone. Therefore the wife's right of homestead is not defeated, where she remains in occupancy, and the husband abandons her and lives elsewhere.

2. **Mortgages: FORM.** As a mortgage in this state conveys no estate, but merely creates a lien, an instrument properly executed, describing the parties, the land, and the debt, and evidencing an intention to charge the debt as a lien upon the land, is sufficient to constitute a mortgage. Words of conveyance, being inoperative, are unnecessary.

3. ———: WIFE'S ASSUMPTION OF DEBT. Evidence examined, and *held* to show that at the time of a divorce land was conveyed by the husband to the wife in consideration of her assuming, as a charge thereon, a debt which he had attempted ineffectually to mortgage the land to secure.

4. **Promise for Third Person's Benefit: ACTION.** Where one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, though not a party to the consideration.

5. ———: CONSIDERATION FOR MORTGAGE. Therefore, the promise of one to assume a debt of another in consideration of a conveyance of land by that other to the promisor will support a note and mortgage made by the promisor to the creditor in fulfillment of the promise.

6. ———: ———. Where one makes his own note payable at a future time in discharge of the past due note of a third person, the release of the third person and extension of time of payment form a sufficient consideration to support the new note and a mortgage made to secure it.

7. Creditors' Bill. In the absence of special circumstances rendering a levy of execution inadequate, a judgment creditor cannot invoke the aid of equity to subject the land of the debtor to the payment of the judgment.

8. ———: MORTGAGE FORECLOSURE: PRIOR LIENS: REDEMPTION. Therefore, when made defendant in a foreclosure case for the purpose of adjusting priorities and establishing his right, a judgment creditor has no right to a decree ordering the land to be sold unless redemption be made from the judgment as well as the prior liens.

9. Homestead: JUDICIAL SALE: DISTRIBUTION OF PROCEEDS. When a homestead is sold to satisfy a mortgage thereon, the owner is entitled to have the amount of his homestead exemption set off to him from the surplus proceeds of sale after satisfying the debt which was a lien on the homestead interest, and before the application of any part of the proceeds to the satisfaction of debts against which the homestead exemption might be claimed.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Modified.*

The opinion contains a statement of the case.

*A. G. Wolfenbarger* and *Thomas Darnall,* for appellant:

The instrument, purporting to be a mortgage on the homestead, executed by George B. Skinner alone, is void, created no lien, and cannot be enforced. (Compiled Statutes, ch. 36, sec. 4; *Larson v. Butts,* 22 Neb. 370; *Aultman v. Jenkins,* 19 Neb. 209; *Betts v. Sims,* 25 Neb. 166; *Phillips v. Bishop,* 31 Neb. 853; *Violet v. Rose,* 39 Neb. 660; *Swift v. Dewey,* 20 Neb. 107; *Whitlock v. Gosson,* 35 Neb. 829; *Cowgell v. Warrington,* 66 Ia. 666; *Clarke v. Koenig,* 36 Neb. 572; *Weitzner v. Thingstad,* 56 N. W. Rep. [Minn.] 817;

*Barton v. Drake,* 21 Minn. 299; *Yost v. Devault,* 9 Ia. 60; *Phillips v. Stauch,* 20 Mich. 360; *Ring v. Burt,* 17 Mich. 465.)

There has been no abandonment by Lizzie C. Skinner of the premises, and her right to homestead continues. (*Stanley v. Snyder,* 43 Ark. 429; *Doyle v. Coburn,* 6 Allen [Mass.] 71; *Zapp v. Strohmeyer,* 13 S. W. Rep. [Tex.] 9; *Blum v. Gaines,* 57 Tex. 119; *Woods v. Davis,* 34 Ia. 264.)

Mrs. Skinner's agreement cannot operate as a ratification of the original transaction. There can be no ratification of a void deed. (*Tullock v. Webster County,* 46 Neb. 211; *Pearsoll v. Chapin,* 8 Wright [Pa.] 915; *McIntosh v. Lee,* 57 Ia. 356.)

Two separate deeds of mortgage on a homestead, executed to the same grantee, one by the husband and the other by the wife, at different times, are insufficient as a waiver of their homestead rights. (Compiled Statutes, ch. 36, sec. 4; *Howell v. McCrie,* 14 Pac. Rep. [Kan.] 26; *Jenkins v. Simmons,* 15 Pac. Rep. [Kan.] 522; *Poole v. Gerrard,* 6 Cal. 71; *Taylor v. Hargous,* 4 Cal. 268; *Duncan v. Moore,* 7 So. Rep. [Miss.] 221; *Dickinson v. McLane,* 57 N. H. 31; *Wilson v. Mills,* 22 Atl. Rep. [N. H.] 455; *Ott v. Sprague,* 27 Kan. 620; *Wallace v. Travelers Ins. Co.,* 38 Pac. Rep. [Kan.] 489.)

Mrs. Skinner is not estopped, by her agreement, to claim her homestead. (Bigelow, Estoppel [5th ed.] 349; *Powell v. Patison,* 100 Cal. 236; *Lingonner v. Ambler,* 44 Neb. 316; *State v. Carson,* 27 Neb. 501; *O'Malley v. Ruddy,* 48 N. W. Rep. [Wis.] 116.)

*Flansburg & Williams, contra:*

The mortgage is a valid lien at least upon the amount in excess of the homestead interest, subject only to dower. (*Despain v. Wagner,* 45 N. E. Rep. [Ill.] 129; *Henkel v. Bohenke,* 26 S. W. Rep. [Tex.] 645; *Hicks & Miller Tea Co. v. Mack,* 19 Neb. 339; *Mayfield v. Maasden,* 59 Ia. 517.)

The execution of a new note and mortgage upon a new

and further consideration by Lizzie C. Skinner, after she had become fee simple owner of the premises by warranty deed from George B. Skinner, who was no longer her husband, is binding upon her, and an action to foreclose the mortgage may be maintained.

Lizzie C. Skinner, by her acts and admissions, is estopped from claiming any defense to this note and agreement.

*Ricketts & Wilson,* also for appellee.

IRVINE, C.

In 1891 George B. Skinner, being indebted to the Nebraska Commercial Bank in the sum of $1,900, evidenced by note, executed to one Kilburn, as trustee, a mortgage to secure the debt, upon lot 2, in block 26, in the city of Lincoln. His wife did not join. The note and mortgage were afterwards assigned to the Nebraska Savings Bank, which in 1893 failed. This suit was brought by Morrill, the receiver of the latter bank, to foreclose the security. In 1892 the property had been conveyed by Skinner to Lizzie Skinner, his former wife, who shortly before the conveyance had obtained a decree of divorce. From a decree of foreclosure Mrs. Skinner appeals.

The plaintiff alleged that the property had been conveyed to Mrs. Skinner in pursuance of an adjustment of property rights accompanying the divorce, and that in consideration of the conveyance Mrs. Skinner had assumed the mortgage debt, executed her own note to the savings bank in renewal of that of Skinner, and executed a written agreement expressly charging the land with the mortgage. The instrument is set out as an exhibit to the petition. Two defenses were interposed. The first was that her note and agreement were obtained at a time when, by reason of mental and physical distress, she was incapable of transacting business, and by means of threats. This defense is not now insisted on. The other defense was that the property then was, and for

many years had been, defendant's homestead; that the mortgage made by Skinner, not having been executed by both husband and wife, was void; that the subsequent agreement had no new consideration to support it, and was ineffectual, either in itself or as a ratification of the void instrument.

While the briefs make some question as to whether the proof established the homestead character of the property, we think that issue is open to little doubt. From 1872 until shortly before the execution of the mortgage the Skinners had occupied the property as their home. It seems that Skinner had then recently abandoned his wife and was living alone in another part of town. This fact did not divest the property of its homestead character. Whether the title to a homestead be in husband or in wife, the act of one alone cannot divest it. The other has a vested interest therein, which cannot be defeated by creditors, by the conveyance of the one holding the legal title, and *a fortiori*, by the acts of that one short of a conveyance.

Section 4, chapter 36, Compiled Statutes, provides that "the homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." The appellant contends that this statute demands for the incumbrance of a homestead the joint execution and acknowledgment of the instrument; that Skinner's mortgage, being therefore void in its inception, could not gain vitality by a subsequent instrument executed by the wife alone. Further, that a void instrument may not be validated by raising an estoppel *in pais*. We assume, without deciding, the correctness of these propositions. It follows from such assumption that the plaintiff can base no rights on the original mortgage. However, after the divorce, Skinner's note being then overdue, Mrs. Skinner made a new note to the savings bank for $2,600. This sum represented the amount of Skinner's note with interest, and

also apparently taxes and tax liens which the bank had paid or purchased. She then executed the agreement pleaded, which is as follows:

"Upon the consideration of a settlement made to me in lieu of alimony by my former husband, George B. Skinner, in which settlement he gives me all of his right and title in and to lot numbered 2, in block numbered 26 of the original plat of the city of Lincoln, Nebraska, the same having been and still being used as a homestead by myself, his right in the same being subject to a mortgage deed given by him to James Kilburn, trustee for the Nebraska Commercial Bank, to secure a note for $1,900, due November 26, 1891, payable to the Nebraska Commercial Bank, and signed by George B. Skinner, said trust deed was filed in the office of the register of deeds of Lancaster county, Nebraska, on the 20th day of September, 1892, on page 602 of book 86 of mortgages.

"Now, therefore, I, Lizzie C. Skinner, do hereby assume and agree to pay said incumbrance out of my own estate, according to the tenor and effect of said mortgage and of one certain promissory note for $2,600, dated February 28, 1893, and due in three years from date, payable to the order of the Nebraska Savings Bank, assignee of the Nebraska Commercial Bank, and signed by myself, the same being a renewal of said note secured by the said mortgage deed and being for the same debt, with interest, and taxes for which said property is liable and which was paid by the Nebraska Commercial Bank, added. Said mortgage deed to become absolute and liable to be foreclosed at the option of the Nebraska Savings Bank, assignee of the Nebraska Commercial Bank, upon default of payment of either interest or principal when due, and I hereby waive all my right of homestead or dower or any other right I might have had by not signing said original mortgage deed.

"Signed this 7th day of March, 1893.

"LIZZIE C. SKINNER."

This instrument was witnessed, acknowledged, and re-

corded, and, so far as the record discloses, no rights of third persons intervened between the original mortgage and this. While the latter instrument is not in the form of a mortgage, it has its essential characteristics. It has proper parties named, describes the land and the debt, and evinces clearly an intention to charge the land with a lien as security for the debt. This is the sole operation of a mortgage in this state. A mortgage does not here convey any estate. It merely creates a lien. As words of conveyance are inoperative they are not essential. The marriage relation formerly subsisting between Mr. and Mrs. Skinner had then been dissolved. The former had no interest in the land, and it was not essential that he should join. Therefore, notwithstanding the assumptions upon which the discussion has proceeded, we find no difficulty in determining that there was a mortgage by virtue of the instrument of March 7, 1893, and taking effect from that time.

It is argued that there was no consideration to support the agreement of 1893 as an original contract. The property settlement pleaded in the petition is not itself in evidence, but there is some evidence relating thereto. The instrument of 1893 recites that it is made in consideration of a settlement in lieu of alimony, in which Skinner gave to Mrs. Skinner his right to the property, which right was subject to the Kilburn mortgage. Whether this recital goes far enough to bind Mrs. Skinner, by estoppel by deed, to the facts pleaded by plaintiff, we need not inquire. The recital is certainly evidence tending to show that the agreement between the Skinners was that she should take the property charged with this particular debt. The fact that she afterwards expressly assumed the debt and made her own obligation therefor instead of that of her husband, furthers the proof. In addition to this there is the testimony of Mr. Stull, a banker in Lincoln, to whom the savings bank had offered the Skinner paper for sale with certain other securities. Mr. Stull testifies that he had heard of Mrs. Skinner's do-

mestic troubles, and therefore when the paper was offered to him, he in the course of his investigations interviewed Mrs. Skinner, asking if she had any objections to offer against it or to his buying it. She said there was an agreement between her and her husband that it would be paid. Mrs. Skinner contradicts a portion of Mr. Stull's testimony, but not its essence. The settlement itself, or rather the evidence thereof, would presumably be in the possession or under the control of Mrs. Skinner. The indirect evidence thus tended strongly to support plaintiff's theory of its nature, and if that theory was incorrect the defendant might readily have refuted it. This she did not do. We must therefore accept plaintiff's theory as established. In the foregoing facts there is ample proof of a consideration for the mortgage of 1893, treated as an original instrument. In the first place, as between Skinner and Mrs. Skinner, the conveyance of the property was a consideration supporting her promise to assume the debt charged thereon. Her promise to Skinner for the benefit of the bank may be enforced by the latter. (*Shamp v. Meyer*, 20 Neb. 223; *Sample v. Hale*, 34 Neb. 220; *Barnett v. Pratt*, 37 Neb. 349; *Doll v. Crume*, 41 Neb. 655; *Hare v. Murphy*, 45 Neb. 809.) Moreover, when Mrs. Skinner gave her own note at the time she made the mortgage of March, 1893, a consideration passed directly from the bank. It thereby released Skinner from liability for the debt and extended the time of payment for three years. As to plaintiff's mortgage, the decree of the district court was right and is affirmed.

One Thomas Bailey was a defendant and filed an answer and cross-petition, in which he alleged the recovery of a judgment against both Skinner and Mrs. Skinner in the circuit court of the United States, and that a transcript had been in 1894 filed in the office of the clerk of the district court of Lancaster county. Mrs. Skinner answered this pleading, admitting the recovery of the judgment as alleged, but asserting that the property was at the time the debt was incurred, and continually to the

present, her homestead and as such exempt from the lien
of the judgment. There was no reply to this answer and
the affirmative matter averred therein must, as against
Bailey, be taken as true. The decree, entered in this re-
spect we think inadvertently, is so framed that after es-
tablishing the judgment as a lien junior to the mortgage,
it directs a sale of the land unless Mrs. Skinner, within
twenty days, pay both the mortgage debt and the judg-
ment. It makes no reservation of her homestead ex-
emption. Here is a double error. A judgment creditor,
in the absence of special circumstances not here existing,
does not require and cannot have the aid of a court of
equity to subject the land of the debtor to the payment
of the debt. He may levy execution thereon. Indeed,
a judgment lien is not, strictly speaking, a lien at all. It
is neither *jus in re* nor *jus ad rem*. It confers merely the
right to levy on the land to the exclusion of subsequent
claims. (*Metz v. State Bank of Brownville*, 7 Neb. 165.)
The object of bringing the judgment creditor into a fore-
closure case is to adjust priorities, and if his lien be found
junior, to permit him to avail himself of the surplus pro-
ceeds of sale, after extinguishing the senior liens. By
being so brought in he obtains no right to proceed in-
dependently and have the land sold for his own benefit.
A redemption from the mortgage would set the matter
at large and relegate him to his execution and levy.

Finally, the estate of homestead is to be determined,
not from the fee simple value of the land, but from the
value of the claimant's interest therein. So, if the prop-
erty be incumbered, and be sold to satisfy such incum-
brance, there must from the surplus be first set aside
to the debtor the homestead exemption of $2,000, before
the fund will be available to the satisfaction of debts
which were not liens as against the homestead exemp-
tion. (*Hoy v. Anderson*, 39 Neb. 386; *Corey v. Plummer*,
48 Neb. 481; *Prugh v. Portsmouth Savings Bank*, 48 Neb.
414.) The decree must be modified so as to permit re-
demption by payment of the mortgage debt and costs

alone, and so that, in case of sale to satisfy the mortgage, there shall be first paid to Mrs. Skinner, out of the surplus, the sum of $2,000, the remainder, if any, to be applied to the payment of the Bailey judgment.

JUDGMENT ACCORDINGLY.