Towmotor Company *v.* Frank Cross Trucking Company, Appellant.

Argued April 15, 1965.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*William C. Kuhn,* with him *Brockway, Brockway and Kuhn,* for appellant.

*Marc Lincoln Marks,* with him *Benjamin H. Marks,* and *Marks and Marks,* for appellee.

OPINION BY JACOBS, J., June 17, 1965:

Defendant appeals from a judgment on the pleadings entered in favor of the plaintiff by the court below.

Plaintiff shipper brought an action in assumpsit against the defendant common carrier for recovery of damages in the amount of $3,190.33 to a vehicle sustained while the vehicle was in the possession of the carrier who was transporting the same. The defendant admits that the vehicle was damaged while being shipped by it and does not contest the amount of the damages. However, the defendant states that the plaintiff had casualty insurance on its vehicle with The AEtna Casualty and Surety Company who paid the plaintiff its loss in full and that the bill of lading under which plaintiff shipped with defendant gave defendant the benefit of such insurance. The exact wording of the benefit of insurance clause in the bill of lading was as follows:

"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property so far as this shall not avoid the policies or contracts of insurance: Provided that the carrier reimburse the claimant for the premium paid thereon."

The plaintiff in its reply admits that the above quoted clause was included in the bill of lading. It further admits that the vehicle was insured by AEtna and that AEtna paid it the sum of $3,190.33 but avers that payment was made in the form of a loan rather than in payment of the loss, and asserts in its defense the following quoted condition of the AEtna policy:

"1. Carrier-Bailee. This insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee, and the Assured agrees that in case any agreement be made or accepted with any carrier or bailee by which it is stipulated that such or any carrier or bailee shall have, in case of any loss for which said carrier or bailee may be liable, the benefit of this insurance or exemption in any manner from

responsibility grounded in the fact of this insurance, then and in that event this Company shall be discharged of any liability for such loss hereunder, but this policy in these and all cases of loss or damage by perils insured against shall be liable and owe actual payment for (only) what cannot be collected from carrier or bailee."

AEtna's policy, as well as the release given to AEtna by plaintiff, provides that AEtna shall be subrogated to the rights of the plaintiff to recover for such loss from the persons, firms or corporations who have caused the loss.

If it were not for the benefit of insurance clause in the bill of lading this case would be easily decided. In general a common carrier of goods is regarded as an insurer against all losses. *Arabian American Oil Company v. Kirby & Kirby, Inc.*, 171 Pa. Superior Ct. 23. No exception to the general rule has been averred by the defendant and unless the benefit of insurance clause is sufficient to save it, it is liable for the loss. The benefit of insurance clause in the bill of lading and the clauses referring to such benefit in the insurance policy are the result of the efforts of the insurance companies to shift the common law liability of the carriers on one hand and, on the other hand, to protect against such shifting of liability. We will endeavor to interpret the result of such legal maneuvering.

A benefit of insurance clause such as the one contained in the bill of lading in this case is valid because the carrier itself might have insured against the loss, even though occasioned by its own negligence. *Luckenbach v. McCahan Sugar Refining Co.*, 248 U. S. 139, 63 L. ed. 170. The important words in the benefit of insurance clause above quoted are "so far as this shall not avoid the policies or contracts of insurance." Absent those words, should the insurer pay the loss it would lose the benefit of the claim against the carrier

to which it would otherwise be subrogated and the carrier would go free. However, when we read the above quoted words in connection with the provisions of the insurance policy we come to another conclusion.

The word "this" in the quoted clause "so far as this shall not avoid the policies or contracts of insurance" obviously refers to the preceding clause giving the benefit of the insurance on the property to the carrier. Our next question then is, does the benefit of insurance provision in the bill of lading avoid the insurance policy so far as any benefit of the insurance is concerned?

In the part of the policy recited above it is provided that (1) the insurance shall in no wise inure directly or indirectly to the benefit of any carrier and (2) in case any agreement is made with any carrier that the carrier shall have the benefit of the insurance "then and in that event this Company shall be discharged of any liability for such loss hereunder. . . ." Reading these provisions together the most reasonable conclusion to which we can come is that it was intended that the policy be avoided if a carrier was given the benefit of the insurance. It has been held that where only the first of these two provisions appeared in an insurance policy and the insured executed an agreement to give a carrier the benefit of the insurance, the policy was forfeited by this act of the insured. *Insurance Co. of North America v. Easton,* 73 Texas 167, 11 S.W. 180. Is the defendant saved by the failure of the policy to expressly state that the policy "will be rendered null and void" by an insured's agreement to give a carrier the benefit of the insurance? We think not. The policy provides that the insurer "shall be discharged of any liability for such loss" by this act of the insured. If an insurer is discharged of liability on an insurance policy whose sole purpose is to cover losses such as the one in question, certainly the efficacy of that policy is lost if the insurer is freed of its obligation to pay. Any act which

thus discharges the insurer's liability destroys the efficacy of the policy. Black's Law Dictionary, 4th Edition, defines "avoid" as "To annul; cancel; make void; to destroy the efficacy of anything. . . ."

However, it is apparent that the provisions in the bill of lading were written for the purpose of getting the benefit of the insurance. If their effect is to avoid the policy then nobody, including the carrier, could recover under the policy and that result was not intended. Thus the words "so far as this shall not avoid the policies or contracts of insurance" become controlling. Since giving the benefit of insurance would have the effect of avoiding the policy, the benefit of insurance clause falls of its own language. The policy stands but the carrier is not entitled to the benefit of the insurance because it is to get the benefit only of such insurance as would not be avoided by giving it such benefit.

Although we have found no Pennsylvania cases on point we have concluded that the correct result, similar to the result in this case, was reached in *Mode O'Day Corp. v. Ringsby Truck Lines, Inc.,* 100 Cal. App. 2d 748, 224 P. 2d 368, and *Hartford Fire Insurance Co. v. Payne,* 199 Iowa 1008, 203 N.W. 4.

The benefit of insurance clause not being available to the defendant, it is liable for the loss. Although the plaintiff is the shipper and has been paid for the loss, judgment may properly be entered in its favor. Both the insurance policy and the release given by plaintiff specifically provide that the insurer shall be subrogated to the rights of plaintiff and may sue in plaintiff's name. Any recovery will inure to the benefit of the insurance company.

Judgment affirmed.