MIDWEST LUMBER COMPANY, APPELLANT, V. DWIGHT E.
NELSON CONSTRUCTION COMPANY, APPELLEE.
196 N. W. 2d 377

Filed April 14, 1972. No. 38143.

Kenneth Cobb and J. S. Berry, for appellant.

Knudsen, Berkheimer, Endacott & Beam and Larry D.
Langdale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from an order of the district court
sustaining the motion of the defendant Dwight E. Nelson
Construction Company for judgment on the pleadings and
the subsequent order of dismissal of the petition of the
plaintiff Midwest Lumber Company. We affirm. The
parties hereafter will be referred to as contractor and
owner respectively. They entered into a construction
contract under the terms of which the contractor agreed

to construct three lumber storage buildings under what was essentially a cost plus contract with the owner furnishing most of the materials. Under the terms of the contract the owner agreed to pay the contractor for certain reimbursable items as defined in the contract plus an amount equal to 10 percent of the reimbursable costs. The present action is described as an action by the owner to recover damages alleged to have been sustained when some of the building framing blew down during the course of construction and had to be replaced. The owner in this action claims the damage was caused by the negligence of the contractor in not bracing the framing, but the owner appears also to rely upon a contractual provision as follows: "Contractor agrees to use his best skill and judgment in erecting such Buildings. . . ." It is uncertain whether the action sounds in contract or tort but that is immaterial in the view we take of the case. The amount sought to be recovered is $5,416.44. The admissions in the pleadings show and it is likewise admitted in this court that this is in fact a subrogation claim by the insurance carrier hereinafter referred to.

The contract contained the following provision: "Contractor shall provide public liability insurance which shall be a non-reimbursable item. *Builders· risk or fire and extended insurance coverage shall be provided and paid for by the Owner.*" Emphasis supplied.) The answer of the contractor alleges and it is judicially admitted by failure to deny that the owner procured the required builders risk or fire and extended coverage insurance and has collected from the carrier the sum of $5,416.44. A copy of the "loan receipt" is included in the admissions. It appears that the contractor was not named as an insured in this policy.

The sole question involved is the construction of the contractual provision requiring builders risk or fire and extended coverage insurance to be paid for by the owner. Did the parties intend that the builders risk or

the fire and extended coverage insurance cover only the risks of the owner or of both the owner and the contractor? We conclude that the parties intended to cover the risks of both and therefore the owner cannot recover from the contractor because the risks of both contractor and owner were intended by the parties to the construction contract to be covered by insurance. In determining this intention a contractual provision must be interpreted in light of the other provisions of the contract, and the rights and liabilities which the law imposes upon the parties as a result of the contract. Contracts should be so construed as to give effect to the intention of the parties. Gallagher v. Vogel, 157 Neb. 670, 678, 61 N. W. 2d 245; General Motors Acceptance Corp. v. Blanco, 181 Neb. 562, 149 N. W. 2d 516; Ely Constr. Co. v. S & S Corp., 184 Neb. 59, 165 N. W. 2d 562.

The specific terms of the contract of insurance are not before us, but the undenied allegations of the defendant's answer show that this contract did cover at least the specific risks which in fact caused the loss and it is acknowledged by the parties in this court that a builders risk policy is the one involved. It is not necessary for us to know all the hazards insured against, but it is common knowledge of course that builders risk and fire and extended coverage insurance include much more than windstorm damage and also that a builders risk policy commonly covers material, normally the contractor's property, not yet incorporated in the building. In this case under the terms of the construction contract both the contractor and the owner were to furnish materials, but the only specific provision on the point was that the owner would furnish most of the materials.

In the absence of some contractual provision to the contrary the risk of loss by windstorm, fire, etc., to a new building in the course of construction is normally on the builder, that is, he is obligated to restore the

building damaged or detroyed. Annotation, Building Contract—Destruction, 53 A. L. R. 105; Board of Education v. Kane Acoustical Co., Inc., 51 N. J. Super. 319, 143 A. 2d 853. A building contractor who makes a contract to construct a building has during the course of construction an insurable interest in the building. Annotation, Insurance—Builder's Risk, 94 A. L. R. 2d 226, 234; German Fire Ins. Co. v. Thompson, 43 Kan. 567, 23 P. 608; Sammons & Bishop v. American Fire Ins. Co., 94 S. C. 366, 77 S. E. 1108. The owner, of course, also has an insurable interest in the building under construction. Lititz Mut. Ins. Co. v. Lengacher, 248 F. 2d 850; Annotation, Insurance—Builder's Risk, 94 A. L. R. 2d 227, 237. Both interests can be and sometimes are insured in the same policy. Annotation, Insurance—Builder's Risk, 94 A. L. R. 2d 229, 260. It is apparent therefore that when the parties entered into the contract both had interests to protect against loss. It is evident that if each was interested only in protecting himself from loss each could have purchased his own insurance and he need not have consulted the other about it. The reason for including a specific provision for "Builders risk or fire and extended coverage insurance . . . paid for by the Owner" could be only to protect the separate interest of both parties and to determine how the cost thereof was to be paid. Under the terms of this construction contract the cost of the insurance was to be paid by the owner rather than included in the costs of the contractor and then charged back to the owner as part of the contract price.

We now turn to the question of why the owner or his insurer cannot recover in this action. An owner who contracts to procure insurance to cover the contractor and fails to do so is the insurer of the contractor. Connor v. Thompson Constr. & Develop. Co. (Iowa), 166 N. W. 2d 109; Aetna Casualty & Surety Co. v. Hensgen, 22 Ohio St. 2d 83, 258 N. E. 2d 237. The failure of the owner to cause the contractor to be named as

an insured in accordance with the intent of the parties as is implicit in the construction contract, causes the owner to become the insurer of the contractor. Connor v. Thompson Constr. & Develop. Co., *supra;* Aetna Casualty & Surety Co. v. Hensgen, *supra.* The rights of a subrogated insurer can rise no higher than the rights of its insured against the third party. Board of Education v. Kane Acoustical Co., Inc., *supra;* Louisiana Fire Ins. Co. v. Royal Indemnity Co. (La. App.), 38 So. 2d 807; Connor v. Thompson Constr. & Develop. Co., *supra.* An insurer cannot recover by right of subrogation from his own insured. Connor v. Thompson Constr. & Develop. Co., *supra.*

The order of the district court is correct and is affirmed.

AFFIRMED.