## Valley Industrial Trucks, Inc. v.
## R. D. Werner Co., Inc.

*James A. Stranahan, 3rd,* for plaintiff.
*George H. Rowley,* for defendant.

ACKER, J., August 21, 1973.—This matter returns to this court for decision on summary judgment pursuant to Pennsylvania Rules of Civil Procedure 1035 following the furnishing of an insurance policy by the Insurance Company of North America for the named insured, Valley Industrial Trucks, Inc. It is now clear from a reading of the policy and the pleadings in this case that although plaintiff, Valley Industrial Trucks, Inc., had by lease contracted to insure the subject equipment against loss or damage by fire, it had failed to do so. It is found that plaintiff's truck was damaged while under lease to defendant because defendant's employes dumped hot aluminum dross onto snow thereby starting a fire resulting in the damage. The truck was in the possession of defendant through a rental agreement. That agreement read, inter alia:

"Leasor [sic] shall insure the equipment against loss or damage by fire or theft. All other insurance covering the equipment shall be provided by leasee [sic] at its own expense."

Defendant by written interrogatories addressed to plaintiff the following question: "Was R. D. Werner Company, Inc. a named insured under any of the aforesaid policies?" (The policies referred to were any policies covering loss or damage by fire to the lift truck which is the subject of this suit which was in effect on February 8, 1967.) The answer was: "No, unless under the terms of the lease." This court is now satisfied from reading the pleadings which contain the appropriate parts of the lease and the insurance policy furnished to the court that plaintiff failed to secure insurance covering the lessee, R. D. Werner Company, Inc. So failing summary judgment must be rendered in favor of defendant.

The rule is well established that if a person enters into an agreement to obtain insurance and neglects to fulfill his obligation, that person then becomes the insurer and liable as such: Hagan Lumber Co. v. Duryea School District, 277 Pa. 345, 121 Atl. 107 (1923); Zortman v. Volk, 97 Pa. Superior Ct. 137 (1929); Wascavage v. Krise, 28 Luz. 155, 7 Somerset 9 (1932); Porta v. American Bank and Trust Company of Pa., 48 D. & C. 2d 523 (1970).

In Allegheny College v. Crump, Inc., 21 D. & C. 2d 207 (1959), defendant entered into a general contract for the erection of a field house at Allegheny College. Defendant employed a subcontractor to perform the plumbing and heating. It, in turn, hired others to perform the sheet metal work. The contract called for heating ducts of a specified trade name which were, in fact, not supplied. Subsequently, a fire of unknown origin commenced in the field house in the heating ducts, partially destroying it. Under the contract between the college and Crump, the former was required to insure the field house and the materials used in its construction against loss and to name Crump as an

insured party. Subsequent to the fire, the college had Crump repair the damage. It, in turn, then recovered this from its insurance carrier and paid the identical sum to Crump for the cost of repairs. The college then sued Crump in assumpsit, alleging a material breach of the contract in that the specified brand of installation in the heating work was not done resulting in the loss. Crump defended that the college had no cause of action for fire damage when it contracted to purchase and did, in fact, purchase a fire insurance policy in which Crump was named as an insured. The court held, page 212:

"The risks involved in this field as far as the fire was concerned, were eliminated when plaintiff agreed to take out the necessary insurance and named defendant as one of the insured."

Recovery was denied. The principle that an insurance clause is valid against the party securing the insurance because the other party, in this case the lessee, might have insured against the loss even though occasioned by its own negligence, is recognized in Towmotor Company v. Frank Cross Trucking Company, 205 Pa. Superior Ct. 448, 211 A. 2d 38 (1965).

The principle is recognized in other jurisdictions as well: Connor v. Thompson Construction and Development Company, 166 N.W. 2d 109 (1969); Louisiana Fire Insurance Co. v. Royal Indemnity Company, 38 So. 2d 807 (La., 1949); Great American Insurance Company v. Curl, 181 N.E. 2d 916 (Ohio, 1961); and Midwest Lumber Company v. Dwight E. Nelson Construction Co., 188 Neb. 308, 196 N.W. 2d 377 (1972).

Wherefore, in that plaintiff contracted by its lease to secure insurance to the benefit of R. D. Werner Company, Inc., and failed to do so, it cannot now recover its claimed damage.

## ORDER

And now, August 21,1973, defendant's, R. D. Werner Company, Inc., motion for summary judgment against Valley Industrial Trucks, Inx., plaintiff, is granted.