DALE COOK, DOING BUSINESS AS COOK CONSTRUCTION COMPANY, APPELLEE, v. KENNETH NORDAHL, APPELLANT.

215 N. W. 2d 643

Filed March 7, 1974. No. 39185.

S. J. Albracht of Lathrop, Albracht & Dolan, for appellant.

Grady, Caskey & Thor, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

NEWTON, J.

This is an action for damages for breach of a contract pertaining to the sale and erection of a metal building. The jury found for plaintiff seller. We affirm that judgment.

The plaintiff sold to defendant a metal covered building and agreed to construct it, all for a specified sum. A written contract was entered into which failed to provide for a downpayment, but required defendant to carry insurance against wind damage during construction. Plaintiff demanded but did not receive a downpayment and refused to proceed without it. Subsequently defendant paid the downpayment demanded and claims a new oral contract was entered into on the same terms but with the addition of an insulated partition and a second overhead door. This was disputed and reference to the original contract discloses a reference to the second, as well as the first, overhead door. It also refers to the use of insulation. When the building was partially completed it collapsed. Defendant says this resulted from inadequate and unworkmanlike bracing. Plaintiff claims it resulted from a windstorm. It is undisputed that the

collapse occurred during a blizzard accompanied by wind. Defendant's assignments of error are directed generally at the sufficiency of the evidence to support a finding that the written contract was in effect and that the damage was due to wind.

The rule is that: "In the absence of some contractual provision to the contrary the risk of loss or damage by windstorm, fire, etc., to a new building in the course of construction is normally on the builder." Midwest Lumber Co. v. Dwight E. Nelson Constr. Co., 188 Neb. 308, 196 N. W. 2d 377.

Whether or not there was such a contractual provision depends on the validity of the written contract; this, under the evidence and the instructions of the court, was a jury issue resolved in favor of plaintiff.

"In determining the sufficiency of the evidence to sustain a judgment, every controverted fact must be resolved in favor of the successful party, and he must have the benefit of every inference that can reasonably be drawn from the evidence." Ridenour v. Kuker, 185 Neb. 321, 175 N. W. 2d 287.

"The verdict of a jury based upon conflicting evidence will not be set aside unless it is clearly wrong." Department of Banking v. Colburn, 188 Neb. 500, 198 N. W. 2d 69. A review of the record reveals evidence sufficient to support the finding of the jury that the parties relied upon the written contract and that the damage was occasioned by a windstorm.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.