9 B.R. 278 (1981)
In the Matter of Elaine HIMBERGER, Debtor.
John F. AKIN, Trustee, Plaintiff,
v.
LINCOLN BANK SOUTH, Defendant.
Bankruptcy No. BK80-491, Adv. No. A80-273.
United States Bankruptcy Court, D. Nebraska.
February 24, 1981.
John F. Akin, Lincoln, Neb., for plaintiff.
Gary L. Dolan, Lincoln, Neb., for defendant.

MEMORANDUM OPINION
DAVID L. CRAWFORD, Bankruptcy Judge.
Petitioner in Bankruptcy Elaine Himberger and her husband borrowed ten thousand dollars from Lincoln Bank South and as security executed an "Assignment of Real Estate Equity and Promissory Note" on property located at 3832 South 31st Circle, *279 Lincoln, Nebraska. The Assignment of Equity was properly recorded in the Registry of Deeds on July 26, 1979. Mrs. Himberger filed her petition in bankruptcy on March 14, 1980.
The trustee contends that no lien upon the property was created by the assignment of equity. Rather, he argues, the proceeds from a contemplated future sale and not the land itself served to secure the note. As the sale did not take place prior to filing the bankruptcy petition, the security interest never attached, and the Bank, therefore, has no priority standing against the trustee. Defendant Lincoln Bank South argues that the transaction has the force and effect of a mortgage on the realty. Since the mortgage was properly recorded, the trustee had notice of defendant's secured status and could not use any of his avoiding powers to impair the lien.
The parties assume that if a lien was created by this transaction, it could only be an equitable mortgage; however, there is no need to determine that issue. I find that the "Assignment of Real Estate Equity" and accompanying "Promissory Note with Pledge of Collateral" taken together evince a mortgage recordable and enforceable under the laws of the State of Nebraska. Accordingly, the trustee's interest in the real property is subject to the properly recorded mortgage of Lincoln Bank South.
In Nebraska, any interest in realty capable of sale, grant or assignment may be the subject of a mortgage. Neb.Rev.Stat. § 76-238.01; see also 5 Tiffany on Real Property, § 1384 at 238 (3d ed. 1939). Nebraska has no statutory form for a mortgage affecting real property. See Neb.Rev. Stat. §§ 76-203, 76-205, 76-238, 76-238.01 and 36-103. However, the Nebraska Supreme Court has held that the essential characteristics of a mortgage exist when an instrument ". . . has proper parties named, described the land and the debt, and evinces clearly an intention to charge the land with a lien as security for the debt." Morrill v. Skinner, 57 Neb. 164, 170, 77 N.W. 375 (1898); see also Osborne, Mortgages, 34 (2d ed. 1970).
In this lien theory state, if an instrument transferring an estate in land is originally intended as security for a debt, the transaction is a mortgage, regardless of its form. Campbell v. Ohio Nat'l. Life Ins. Co., 161 Neb. 653, 74 N.W.2d 546, (1956). This is most frequently illustrated by case law holding deeds absolute in form to be mortgages if the parties so intended at the time of the conveyance. Morrill, supra; Norton v. Dosek, 161 Neb. 554, 74 N.W.2d 56 (1956). However, it is almost a truism in Nebraska that all contracts are to be given construction reasonably calculated to effect the true intent of the parties, carrying out rather than defeating the purpose for which the contract was made. Smith v. United States Fidelity & Guaranty Co., 142 Neb. 321, 6 N.W.2d 81 (1942); Midwest Lumber Co. v. Dwight E. Nelson Const. Co., 188 Neb. 308, 196 N.W.2d 377 (1972). Further, where the contract at issue is an instrument conveying an interest in realty, it is the statutory duty of the courts to effect the intent of the parties so far as is consistent with rules of law. Neb.Rev.Stat. § 76-205.
The intent of the parties to the present transaction is clearly expressed on the face of the recorded assignment. Lincoln Bank South is given in consideration for a cash loan of ten thousand dollars all Mrs. Himberger's right, title and interest in and to the proceeds of the sale of certain specifically described property. Upon receipt of proceeds, the principal sum plus interest is to be delivered to Lincoln Bank ". . . in payment of our note in a like amount secured by the proceeds of the sale."
The trustee's theory of the case does not account for the fact that all mortgages of realty intend that if the mortgagor's debt is not repaid, the property is to be sold to pay the debt. In the instant transaction, the parties contemplated sale of the real estate but such sale was not mandatory. If the note had been paid from sources other than the land, the lender could not have compelled a sale. Thus the intent of the transaction was to create a lien upon the land as security for the debt. See Mihan v. Great Western Sugar Co., 121 *280 Neb. 109, 236 N.W. 172 (1931) and Glissman v. McDonald, 128 Neb. 693, 260 N.W. 182 (1935). As defined in Landis Machine Co. v. Omaha Merchants Transfer Co., 142 Neb. 389, 397, 9 N.W.2d 198 (1942), a lien is an obligation annexed to or attaching upon property without satisfying which such property cannot be lawfully demanded by another, the lien affording a supplemental and additional remedy for collection which is given the force of law. The Himberger contract with Lincoln Bank South is within the Nebraska statutory definition of recordable interests, was properly recorded, and was enforceable as to all creditors and subsequent purchasers in good faith and without notice from the time of its recordation. Neb.Rev.Stat. §§ 76-203, 76-238. Accordingly, the trustee's interest in the property located at 3832 South 31st Circle, Lincoln, Nebraska, is subordinate to that of Lincoln Bank South.
A separate order is entered in accordance with the foregoing.