MOLINE, MILBURN & STODDARD COMPANY V. WILLIAM NEVILLE.

FILED NOVEMBER 21, 1893.   No. 5402.

Liability of Principal for Storage of Goods in Agent's Store-Room After Expiration of Agent's Individual Lease: LANDLORD AND TENANT. After the expiration of a lease to a retail dealer in agricultural implements, some of the implements were permitted for a time to remain in the room wherein the business of said dealer had been carried on, after

which said implements were turned over to the plaintiff in er-
ror.   *Held*, That these facts did not render liable the plaintiff in
error for the storage of said goods after the expiration of the
term of the lease, even though in said retail business the lessee
had been the agent of the plaintiff in error, no such relation
having been disclosed by said lessee or at all acted upon by the
lessor.

ERROR from the district court of Cass county.    Tried
below before CHAPMAN, J.

*D. O. Dwyer* and *Beeson & Root*, for plaintiff in error,
cited: *Durrell v. Emery*, 9 Atl. Rep. [N. H.], 97; *Dixon
v. Ahern*, 14 Pac. Rep. [Nev.], 598; *Lathrop v. Standard
Oil Co.*, 9 S. E. Rep., [Ga.], 1041; *Depere Co. v. Reynen*,
22 N. W. Rep. [Wis.], 761; *United States Mfg. Co. v.
Stevens*, 17 N. W. Rep. [Mich.], 934.

*A. N. Sullivan, contra.*

RYAN, C.

This action was originally commenced before a justice of
the peace in Cass county, Nebraska.    From a judgment
rendered in favor of the plaintiff in that court the defend-
ant appealed to the district court of said county, wherein
plaintiff's cause of action, omitting the mere formal parts,
was stated in the following language:

"1. And now comes the above named plaintiff, and for
cause of action states: At the special instance and request of
the defendant, a corporation, plaintiff furnished its storage
room for goods, wares, merchandise, and property of said
defendant during the year 1891, from April 1, 1891, to
June 15, 1891, for which defendant agreed to pay plaintiff
what said storage was reasonably worth.    The plaintiff
alleges that said storage was really worth the sum of $19.50.

" 2. No part of said sum has been paid by the defend-
ant to plaintiff, and there is now due and payable thereon

from the defendant to plaintiff the sum of $19.50, for which sum plaintiff prays judgment."

The answer contained a general denial of the averments of the petition, succeeding which were the following allegations: "Defendant, further answering, states that it or none of its officers knew of plaintiff or his agents, or that there were such persons in existence, until the commencement of this suit; that it has no contract whatever, either verbal or written, with plaintiff or any of his agents to store any goods, wares, or merchandise." There were other averments in the answer which are unnecessary to notice.

The reply was in denial of each allegation of new matter contained in the answer.

Upon a trial had to the court judgment was rendered in favor of William Neville, against the Moline, Milburn & Stoddard Company, for the sum of $15 and costs, taxed at $66.43.

The proofs were that F. A. Burke, as lessee, first occupied the room in which it is claimed the goods of plaintiff in error were afterwards stored. The term of his lease began March 1, 1889, and he continued to occupy the room until April 1, 1891, during that time being engaged in business as a retail dealer in wagons and agricultural implements. Some of these implements he obtained in the course of his dealings with the Moline, Milburn & Stoddard Company, of Omaha, Nebraska. After April 1, 1891, some of the agricultural implements remained in the room until June 15, of the same year. On said 1st day of April a Mr. Munroe leased the aforesaid room, and from the 4th of April thereafter occupied the same until long after the date when, by plaintiff's petition, it is claimed that the storage ended. During the occupancy of this room by Mr. Munroe the implements, which had been left therein by Mr. Burke, were permitted to remain undisturbed until June 15, 1891, when those to which the facts of this case have any relation were turned over to the plaintiff in error. On the

same date that these goods were turned over by Mr. Burke to the Moline, Milburn & Stoddard Company suit was begun by the defendant in error against the said company for the storage on said goods between April 1, 1891, and June 15, immediately following that date.

Plaintiff founded his cause of action upon an express contract with the said company for the storage of its goods, wares, and merchandise, the fair compensation for storing which he alleged that said company agreed to pay. There was undisputed evidence, perfectly satisfactory in its nature, that there was never any contract between the defendant in error and the plaintiff in error. The proof is also unquestionable that Mr. Burke received said goods of the plaintiff in error as he required them in his business, at the depot at Plattsmouth, and that for them thenceforward, until such as were not sold were returned to plaintiff in error at Omaha, Mr. Burke was solely responsible. Whether he received them for sale on commission is not quite clear, though that is probable from the evidence. Certain it is, however, he received and handled them in connection with and as he did many other agricultural implements of the same nature. The lease under which Mr. Burke held was made to him individually, the plaintiff in error not being therein known nor in any way recognized by the defendant in error as his agent. Under these circumstances, even if Mr. Burke was the agent of the plaintiff in error for the sale of its implements, this undisclosed principal could not be held liable for his individual contract, which had no reference either to said company or its business. (*Morgan v. Bergen*, 3 Neb., 209.) There was, therefore, no competent evidence to establish the claim for storage against the plaintiff in error, and the judgment of the district court is

REVERSED.