MOLINE, MILBURN & STODDARD COMPANY V. WILLIAM NEVILLE.

FILED NOVEMBER 4, 1897. No. 7537.

1. Compensation of Bailee: PRESERVATION OF GOODS. An involuntary bailee of goods may conserve the same, and for so doing recover from the owner what such service is reasonably worth.

2. ———: ———. *Moline, Milburn & Stoddard Co. v. Neville*, 38 Neb., 433, distinguished.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed conditionally.*

The facts are stated by the commissioner.

*D. O. Dwyer* and *J. H. McIntosh*, for plaintiff in error:·

If the goods were on the premises of defendant in error without his consent, and he was injured thereby, his remedy is in tort, and not on contract. (*Durrell v. Emory*, 9 Atl. Rep. [N. H.], 97; *Dixon v. Ahern*, 14 Pac. Rep. [Nev.], 598; *Lathrop v. Standard Oil Co.*, 9 S. E. Rep. [Ga.], 1041; *Depere Co. v. Reynen*, 22 N. W. Rep. [Wis.], 761; *United States Mfg. Co. v. Stevens*, 17 N. W. Rep. [Mich.], 934.)

*A. N. Sullivan, contra.*

RAGAN, C.

One F. A. Burke, from March, 1889, until January, 1891, was a dealer in agricultural implements in the city of Plattsmouth, Nebraska. In addition to his own prop-

erty he had for sale on commission implements of various manufacturing companies,—among others, the Moline, Milburn & Stoddard Company. Burke conducted his business and kept his merchandise in a building which he leased of one William Neville. Burke's lease on this building expired April 1, 1891, up to which time he settled with Neville for the rent thereof. Burke, some time prior to that date, surrendered the key of the building to the attorney or collection agent of the Moline, Milburn & Stoddard Company, and removed from the city. At the time Burke went out of business, or left the city of Plattsmouth, there remained in the building which he had leased of Neville a quantity of goods belonging to the Moline, Milburn & Stoddard Company, which Burke had for sale on commission. These goods remained in the building of Neville until June 1, 1891, at which time they were removed or taken possession of by the owner. Neville brought this suit in the district court of Cass county against the Moline, Milburn & Stoddard Company to recover the reasonable worth of storing their said goods from April 1 to June 1, 1891. He had a verdict and judgment, and the Moline, Milburn & Stoddard Company prosecutes to this court a petition in error.

1. The case was previously before this court. (See *Moline, Milburn & Stoddard Co. v. Neville*, 38 Neb.; 433.) By his original petition Neville declared on an express contract, and having recovered a judgment, the Moline, Milburn & Stoddard Company brought it here for review and this court reversed the same, for the reason that the verdict finding that an express contract existed between the parties was wholly unsustained by the evidence. After the case was remanded Neville filed an amended petition alleging that he had furnished storage for the goods of the Moline, Milburn & Stoddard Company, and sought to recover on an implied contract what such service was reasonably worth. We have carefully examined all the assignments of error argued here, of which we shall notice only two.

The first contention is, in effect, that the plaintiff in

error is not liable to Neville for the storage furnished
for its goods after their abandonment by Burke. Of
course, at no time while these goods were in the posses-
sion of Burke would his principal be liable for the rental
of the building in which he kept them, nor for their
storage or preservation, but by the conduct of Burke
Neville became an involuntary bailee of these goods; and
if we assume that they remained in Neville's store after
April 1 without the knowledge or consent of the Moline,
Milburn & Stoddard Company, it does not necessarily
follow that the latter is not liable for what it was reason-
ably worth to preserve and care for them. Certainly
Neville would not have been justified in throwing these
goods into the street. In *Preston v. Neale*, 78 Mass., 222,
a tenant at the expiration of his term left his goods in the
leased building without any agreement with his landlord.
Subsequently the tenant demanded these goods and the
landlord claimed a lien upon them for storage. The court
held that while the landlord had no lien upon the goods
for their storage, he was an involuntary depositary of
them, and as such entitled to be paid a reasonable com-
pensation for their storage and care until they were de-
manded of him. The court in its opinion cites Doctor
and Student, to this effect (chapter 51): " 'Though a man
waive the possession of his goods and saith he forsaketh
them, yet by the law of the realm' the property remaineth
still in him, and he may seize them after when he will.
And if any man in the meantime put the goods in safe-
guard to the use of the owner, I think he doth lawfully,
and that he shall be allowed for his reasonable expenses
in that behalf, as he shall be of goods found; but he shall
have no property in them, no more than in goods
found.' " In the case at bar it is true that the Moline,
Milburn & Stoddard Company did not abandon their
goods, but their agent did. He was rightfully in pos-
session of the goods. But this manufacturing com-
pany did not lose the title to its goods by putting
them into the hands of its agent for sale, nor by
his abandonment of them; and we have no doubt that

Neville would be liable to this manufacturing company had he injured or destroyed the goods, or put them out on the street and they had been thereby lost to their owners. Certainly this would be true had he done any of these things without first having given the owner of the goods notice of the fact that they were in his building, and a reasonable time in which to remove them. When Neville found himself involuntarily in possession of these goods, we think he might preserve them; and for the reasonable worth of the care and preservation of the goods until they were removed the owners were liable.

2. The evidence shows that the fair rental value of the building in which the goods were stored was $15 per month, but that by reason of the presence of the goods in the building Neville could and did rent it for only $10 a month during the months of April and May. In other words, the evidence shows that the reasonable compensation for the storage afforded the goods, for the time, was $10. The jury awarded Neville $23.25, for which sum judgment was rendered. This judgment is excessive in the sum of $13.25. The defendant in error may within thirty days from this date file with the clerk of this court a remittitur of such excess. In case he does so the judgment of the district court will be affirmed; otherwise it will be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.