## G. A. CRANCER COMPANY, APPELLANT, V. WILLIAM COMBS, APPELLEE.*

FILED DECEMBER 4, 1913.   No. 17,442.

1. **Replevin:** NATURE OF ACTION. In an action of replevin the wrongful detention of the property in dispute and plaintiff's right to possession constitute the gist of the action.

2. **Appeal:** THEORY OF CASE. On appeal to the supreme court the cause will be treated and disposed of upon the theories presented by the parties upon the trial, if a liberal construction of the pleadings as construed by them will permit the same to be done.

3. **Replevin:** DEMAND: INSTRUCTIONS. Where, in an action in replevin, the evidence showed conclusively that a sufficient demand for the possession of the property had been made before the commencement of the suit, an instruction by the court, whether right or wrong, that proof of a demand was necessary in order to permit the plaintiff to recover could work no prejudice to the plaintiff.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*C. M. Skiles* and *F. H. Mizera,* for appellant.

*L. S. Hastings, contra.*

REESE, C. J.

This is an action in replevin, instituted in the county court of Butler county, by plaintiff against the defendant for the possession of an upright Brewster piano, which was alleged to have been wrongfully detained by defendant, plaintiff claiming the ownership and the right to the possession thereof. Defendant answered, admitting that plaintiff was the owner of the piano at the time of the commencement of the suit and was entitled to the possession thereof, but alleging that no demand had been made for the property prior to the commencement of the suit. In addition to a general denial, he pleaded a "counterclaim set-off," alleging, in substance, that an agent of plaintiff took the piano to the home of defendant, stating

* Reversed. See opinion, Vol. 95, p. ——.

that he had sold the instrument to a neighbor of defendant, who was not quite ready to receive it, and asked permission to leave it at defendant's residence for one or two weeks, and by the consent of defendant's wife placed it in defendant's home; that after the expiration of said time defendant notified plaintiff's agent to remove it or storage would be charged therefor; that plaintiff paid no attention to said demand, but left the property in defendant's house for some eight months, and that a reasonable charge for such storage would be the sum of $45, for which judgment was demanded with costs. A reply consisting of a general denial was filed. A jury trial was had, which resulted in a verdict finding that at the time of the commencement of the action the defendant was not wrongfully detaining the possession of the property, and assessing his recovery "on his counterclaim" at the sum of $25. Plaintiff moved for a new trial, upon the ground that the verdict was excessive; that it was not sustained by sufficient evidence; was contrary to law; for errors occurring at the trial; and that the court erred in giving certain specified instructions to the jury. The motion for new trial was overruled, and judgment rendered in favor of defendant for the sum of $25 and costs of suit. Plaintiff appeals.

It is to be regretted that more careful attention has not been given to the provisions of the code governing suits in replevin, and to the rules of pleading in such actions as established by a long series of decisions by this court. It is difficult to see how the admission that plaintiff was the owner and entitled to the possession of the property in dispute at the time of the commencement of the action can be well harmonized with the general denial pleaded in the same answer. The gist of the action is the right to the possession of the property. If plaintiff was the owner and entitled to the possession thereof, as admitted in the answer, it was entitled to judgment without further proof. If defendant had a lien on the piano for the storage, plaintiff was not entitled to possession, and a general

denial was the only pleading necessary, for by it every averment of the petition was denied, including that of the right of possession. *Jenkins v. Mitchell,* 40 Neb. 664; *Davis v. Culver,* 58 Neb. 265. If defendant were held strictly to his pleading, it is doubtful if there was any issue to be tried. However, as all parties seemed to be satisfied with the presentation of issues, and tried the case upon defendant's counterclaim or set-off without objections and as if no admission had been made in the answer, we will be equally liberal and determine the case upon the record brought to this court.

The evidence is conclusive that plaintiff has at all times been the owner of the property. The only question is as to defendant's lien for storage and care. There was evidence tending to prove that at or about the expiration of the two weeks defendant notified plaintiff that the piano would have to be removed or storage would be charged. It was not removed for many months thereafter. While it may be that the jury were somewhat liberal in their verdict, we cannot say it was so excessive as to call for a reversal of the judgment or require a remittitur.

The court instructed the jury, in substance, that before plaintiff could recover he must prove a demand for the property before the commencement of the action. This instruction was excepted to, and is now assigned for error. As there was ample proof of demand, the instruction could work no prejudice, even if wrong. It was in accord with the theory upon which plaintiff tried the case. Plaintiff cannot now complain.

Finding no error requiring a reversal of the judgment, it is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.