G. A. CRANCER COMPANY, APPELLANT, v. WILLIAM COMBS, APPELLEE.

FILED FEBRUARY 27, 1914.   No. 17,442.

1. **Bailment:** GRATUITOUS BAILEE: RIGHT TO COMPENSATION. While "an involuntary bailee of goods may conserve the same, and for so doing recover from the owner what such service is reasonably worth" (*Moline, Milburn & Stoddard Co. v. Neville*, 52 Neb. 574), a voluntary, gratuitous bailee is not entitled to storage charges or to compensation.

2. ————: ————: ————. To change a voluntary, gratuitous bailment to one for storage or for compensation, bailee must notify bailor to take the property away or storage charges will be exacted.

3. ———: REPLEVIN: STORAGE CHARGES: SUFFICIENCY OF EVIDENCE.
Verdict for storage charges for a piano set aside as unsupported
by the evidence. *Crancer Co. v. Combs*, 94 Neb. 655, overruled.

OPINION on motion for rehearing of case reported in
94 Neb. 655. *Former judgment of affirmance vacated and
judgment of district court reversed:*

ROSE, J.

The action is replevin, and the property is a piano
which plaintiff seized under the writ. Defendant in his
answer admitted, among other things, that plaintiff was
the owner of the piano and entitled to its possession, but
pleaded a counter-claim of $45 for nine months' storage.
Plaintiff is a dealer in pianos, and on September 22, 1909,
or on a later date, left the instrument in controversy at
the home of defendant in Butler county, where it remained
until taken by plaintiff under his writ, July 6, 1910. Upon
a trial of the issues raised by the counter-claim and reply
thereto, the jury rendered a verdict in favor of defendant
for $25. From a judgment thereon plaintiff appealed. The
hearing of the appeal resulted in an affirmance. *Crancer
Co. v. Combs*, 94 Neb. 655. A rehearing was granted upon
motion of plaintiff, and the case is again presented for
determination.

The controlling question is the sufficiency of the evi-
dence to sustain the verdict. In attempting to justify the
judgment below, defendant asserts that he was an involun-
tary bailee, and that as such he is entitled to reasonable
compensation for storage. He denies that he claims a lien
on the piano, and insists on confining the issue to charges
for storage. He relies on the rule of law that "an involun-
tary bailee of goods may conserve the same, and for so
doing recover from the owner what such service is reason-
ably worth." *Moline, Milburn & Stoddard Co. v. Neville*,
52 Neb. 574. A voluntary, gratuitous bailee, however, is
not entitled to storage charges or to a lien for compensa-
tion. *Burk v. Dempster*, 34 Neb. 426; *Morris v. Louis'
Ex'r*, 33 Ala. 53; *Preston v. Neale*, 12 Gray (Mass.) 222;

*Amory v. Flynn,* 10 Johns. (N. Y.) \*102; *Etter v. Edwards,* 4 Watts (Pa.) 63.

In the present case the evidence is undisputed that the piano was left at the home of defendant with the permission of his wife, and that he ratified the bailment thus created. Defendant was to pay no rent for the piano and there was no agreement by plaintiff, either express or implied, to pay for storage. The wife of defendant testified that she allowed the instrument to be left at her house. At the outset, therefore, the bailment was voluntary and gratuitous. To make it involuntary, notice to plaintiff to take the piano away or storage charges would be exacted was necessary. In discussing a voluntary bailment to the defendants in *Dale v. Brinckerhoff,* 7 Daly (N. Y.) 45, the court said: "They had agreed to keep it gratuitously, and if unwilling to do so any longer and they meant to charge for keeping it thereafter, they were bound to show that they had notified the plaintiff to that effect." In the case at bar plaintiff testified positively that he had never been notified to take the piano away. Defendant attempted to prove that he had given notice by letter, but neither the letter nor its contents can be found in the record. There is no proof that the voluntary, gratuitous bailment was changed to an involuntary one. The verdict, therefore, is without support in the evidence. It follows that the former opinion, based as it is on a contrary view of the record, is set aside, the judgment of the district court reversed, and the cause remanded for further proceedings.

REVERSED.

Reese, C. J., dissents for the reasons stated in the former opinion.