GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, APPELLEE, v. JOE BLANCO ET AL., APPELLANTS.

149 N. W. 2d 516

Filed March 31, 1967. No. 36478.

Bertrand V. Tibbels, for appellants.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a replevin action brought by General Motors Acceptance Corporation, hereinafter referred to as plaintiff, against Joe and Bobby Blanco, defendants. Bobby Blanco did not sign the contract involved herein, but is a defendant because the certificate of title to the automobile, which is the subject of the contract, shows title in Joe Blanco or Bobby Blanco. Any interest Bobby may have depends upon the title of her husband and no reference will be made to her hereafter. Joe Blanco will be referred to as defendant.

This action was filed subsequent to, and is referred to in Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257, which was an action by Blanco for a declaratory judgment to determine the validity of the contract herein. The issues raised herein are identical to those involved therein.

The trial court on a motion for summary judgment herein determined: "That there is no issue of fact and that this case may be disposed of as a matter of law; that the contract is not void and that Plaintiff has a security interest in the vehicle replevined and is entitled to judgment for the possession thereof and its costs." Defendant perfected an appeal to this court. There is no

issue of fact present. The questions raised are solely ones of law.

Without reference to any question of res judicata, which was specifically and consistently urged by the plaintiff, we affirm the judgment of the trial court herein.

We have heretofore, in Blanco v. General Motors Acceptance Corp., *supra*, fully and adequately described the transaction and set out sufficient of the defendant's allegations and assumptions that no purpose will be served by repetition herein. Suffice it to say that defendant's argument is bottomed upon the premise that the language of the contract is so unintelligible, vague, ambiguous, so contrary to public policy, and so consciously loaded in favor of the plaintiff, that its execution constituted a fraud on the defendant, and that fraud vitiated or rendered the contract void.

A short description of the contract is necessary to an understanding of the defendant's contention. On the front side of the contract, immediately following the title in solid capitals, "CONDITIONAL SALE CONTRACT," is the following sentence: "The undersigned seller hereby sells, and undersigned buyer or buyers, jointly and severally hereby purchase(s), subject to the terms and conditions set forth below *and upon the reverse side hereof,* the following property, delivery and acceptance of which in good order are hereby acknowledged by buyer, viz.: * * *." (Italics supplied.) Here follows a description of the vehicle involved herein. Immediately following the description are eight numbered paragraphs which set forth the price, insurance premium, and terms of the transaction. The remainder of the face of the instrument above the signature line is devoted to an explanation of insurance provisions.

The following then appears: "Executed in quadruplicate; copy of which was delivered to, and receipt is ac-

knowledged by, buyer, this 21 day of ___July___ , 1964
                                    (Do not date
                                    on Sunday)
"A  Buyer
      Signs in Ink      Joe Blanco  (Sgd.)
                  2038 12th,    Mitchell,    Nebraska
                  (Street)    (Town)    (Postal Zone)  (State)
"B  Co-Buyer
      Signs in Ink


                  (Street)    (Town)    (Postal Zone)  (State)
"Seller
  Signs in Ink          Kramer Motors, Inc.
                    By John A. Plaster  (Sgd.)
                        (Title)          (Address) "

Following the signatures is the assignment and transfer
of the instrument to the plaintiff.

It is to be noted that we italicized "and upon the re-
verse side hereof," appearing in the first paragraph of
the contract.  We did this to indicate that these words
are in boldface type to contrast them from the rest of
the sentence, although the size of the type is the same.

On the reverse side of the instrument, under the
title "Provisions," are 12 numbered sections, some of
which have several paragraphs.  The type is small but
readable.  Provision No. 1 is as follows:  "For the pur-
pose of securing payment of the obligation hereunder,
seller reserves title, and shall have a security interest,
in said property until said obligation is fully paid in
cash."

We further set out herein provision No. 12 because of
the questionable applicability of some of the provisions.
If they were involved herein, provision No. 12 could
be pertinent.  It is as follows:  "Any provision of this
contract prohibited by law of any state shall as to such
state be ineffective to the extent of such prohibition

without invalidating the remaining provisions of the contract."

The defendant does not deny that he received a copy of the contract after its execution.

As we analyze defendant's argument, it would appear to present a two-pronged approach: The contract is void; or, if not, the transaction was an unconditional or executed sale. Defendant's position would be the same in either instance. Plaintiff would have no right to possession of the property as against defendant. The gist of a replevin action is the right to possession of the property. Crancer Co. v. Combs, 94 Neb. 655, 144 N. W. 251.

Defendant, ignoring the import of the words "and upon the reverse side hereof" develops the premise that the face of the instrument purports to pass an unconditional title to him. Obviously, the provisions on the reverse side of the contract, except as they may be unenforceable in this state, are a part of the contract and must be so considered.

Provision No. 1, set out above, described the nature of this transaction. Without attempting to answer the many ramifications of the defendant's argument, it does not make the slightest difference on the issue of possession whether the purport of the contract is to create a conditional sale or is to reserve a security interest. In either event, plaintiff would be entitled to possession of the property. Contracts must receive a reasonable construction so as to give effect to the intention of the parties thereto and carry out rather than defeat the purpose for which they were executed. Gallagher v. Vogel, 157 Neb. 670, 61 N. W. 2d 245.

Defendant tries to make much of the fact that he did not read the reverse side of the contract. Generally in the absence of fraud, one who does not choose to read a contract before signing it cannot later relieve himself of its burdens. We realize there may be situations in modern commercial life where the relative position of the parties is such that one of them has unconscionably

taken advantage of the necessities of the other, and certain provisions of the contract should not be enforced as a matter of public policy. Defendant attempts to rely on such a case herein. It is Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358, 161 A. 2d 69, 75 A. L. R. 2d 1, which involves the waiver of an implied warranty. The principle enunciated in that case has no applicability herein. Here the defendant is not attempting to void some specific provision of the contract which for reasons of public policy should not be enforced, but by expanding the thrust of that case, he is attempting to void the contract itself. To adopt defendant's illusory premise would void all sale contracts where the relative bargaining opportunities of the parties are unequal. To so apply it would be to pervert the principle involved and serve to destroy the very freedom of opportunity it is designed to protect. While there may be provisions of the contract to which the argument would be applicable, a question we do not need to decide, it would strain credulity to believe that the defendant did not fully understand that the intent of the agreement signed by him herein was to retain a security interest in the seller until the obligation was paid.

Defendant has devoted a major portion of his brief to provision No. 6 on the reverse side of the contract, which provides the conditions upon which default will occur and provides for repossession by the seller and a subsequent private sale. It is not necessary to list or discuss those provisions. We merely observe that some of them are more consistent with a security interest than a conditional sales contract. Nor is there any need to comment on any question of the enforceability of any of the items in provision No. 6 because none of those items are pertinent to a decision herein. This is not an attempt to enforce the contract out of court. Replevin is the proper legal action to enforce a security interest. There is no dispute defendant was in default on his payments. This replevin action was not filed until after

defendant had filed his action for a declaratory judgment. The only question to be determined herein is the right to possession. The trial court properly found the right of possession in plaintiff.

AFFIRMED.