UNIVERSAL SURETY COMPANY, APPELLEE AND CROSS-APPELLANT, V. JED CONSTRUCTION CO., INC., APPELLANT AND CROSS-APPELLEE.

265 N. W. 2d 219

Filed April 26, 1978. No. 41492.

Nelson, Harding, Yeutter, Leonard & Tate, Kenneth Cobb, and Robert P. Cox, for appellant.

James W. Hewett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an action by appellee and cross-appellant, Universal Surety Company, hereinafter referred to as Universal, to recover on a written agreement to indemnify against loss on a surety bond. The defense advanced by appellant, Jed Construction Co., Inc., hereinafter referred to as Jed, is that the agreement signed in blank was not completed in accordance with the terms of the actual agreement. The trial court entered judgment for Universal in the amount of $61,872.68 with an offsetting amount to Jed of $18,516.12. Jed appeals and Universal cross-appeals. We affirm in part and reverse in part.

In 1974, one William H. Bennett, an officer of Universal, was contacted by Gene Lilly, an insurance agent, who sought to secure a performance bond on behalf of Erik Hansen Construction Company, hereinafter referred to as Hansen. Universal, who pre-

viously had insured Hansen, declined to issue the bond because, in its opinion, Hansen had too much work in progress to justify the issuance of a bond only upon its signature and without another indemnitor. Lilly proposed Jed as the indemnitor. Jed had previously indicated to Lilly a willingness to indemnify Hansen should the need arise. Bennett agreed to write the bond for Hansen if Jed could be secured as an additional indemnitor.

Lilly then contacted the officers of Jed. After discussing the matter with them on the telephone, he took a Form 2 Indemnity Agreement to the office of Jed. Hansen had already advised Jed that if it were awarded the general contract, Jed would be awarded the masonry subcontract. The officers of Jed indicated their unwillingness to sign personal indemnification. However, the officers of Jed signed an agreement in blank, entitled "Form 2," after assurance Lilly would secure a personal indemnification from the owners of Erik Hansen Construction Company, Erik Hansen and his wife. On its face, "Form 2" provided that Jed was a "Silent Joint Venturer" with Hansen for purposes of indemnity. None of the officers of Jed read the agreement and they did not ask any questions about the provisions of the document. Two bonds were written; one was in the amount of $264,000 and the other was in the amount of $9,400.

During the course of the construction project, Hansen experienced difficulty in paying bills and Universal took over the work. Universal paid out the sum of $61,872.68 on behalf of Hansen, but did not pay to Jed the amount of $18,516.12 which was due Jed on its subcontract with Hansen. At the conclusion of the work, Universal made demand on Jed for payment. Jed refused and Universal filed suit.

The appellant assigns the following errors: (1) The failure of the trial court to find that the blanks in the instrument were not filled out in accordance

with the authority granted by Jed to Universal; (2) the failure to grant reformation of the contract to reflect the actual agreement of the parties; and (3) the failure to find that Jed was released from the agreement by reason of the unauthorized modifications in the oral agreement. Specifically, the appellant alleges three areas in which the written agreement did not reflect the agreement of the parties: (1) It failed to provide that no collection activities could be undertaken against Jed until the assets of Erik Hansen Construction Company and the Hansens personally were exhausted; (2) it failed to insert a provision forbidding a reduction in the retainage, i.e., the amount an owner retains of the total contract until performance is completed; and (3) it failed to insert a provision forbidding the surety to agree to additions to the building contract.

In each case, the printed form of the contract specifically contained language contrary to that which Jed claims was the true intent of the parties.

The cause was tried to the court without a jury. The court properly found there was no evidence on which the court could conclude that either of the defenses were proved.

Jed advances two theories, mutual mistake of fact and failure to complete the agreement according to its terms. Mistake as a ground for reformation of a contract must be a mutual mistake. See, Ready Sand & Gravel Co. v. Cornett, 184 Neb. 726, 171 N. W. 2d 775; Parry v. State Farm Mut. Auto. Ins. Co., 191 Neb. 628, 216 N. W. 2d 875.

It is conceded that the officers of Jed did not read the contract and that they did not even talk with an agent or officers of Universal. The evidence does not show that the claimed mistakes were ever discussed with Lilly prior to the signing in blank by Jed's officers. The officers of Jed testified that the agreement they signed contained provisions different from the actual agreement. There is no evi-

dence that Universal thought the terms of the contract were other than those contained in the actual agreement. Even if the officers of Jed were mistaken, it was a unilateral mistake rather than a mutual one. Furthermore, one who does not read a contract before signing it cannot relieve himself of its burdens. See, General Motors Acceptance Corp. v. Blanco, 181 Neb. 562, 149 N. W. 2d 516; Abbott v. Abbott, 188 Neb. 61, 195 N. W. 2d 204.

The second theory fails for the reasons discussed above. No evidence was offered tending to prove that the agreement was to be completed to include the provisions relating to exhaustion of the assets of the Hansens, retainage, or consent to extras. Again, the evidence could only establish that the Jed officers may have intended or thought that the agreement contained those provisions.

The decision of the trial court awarding $61,872.68 to Universal is correct and is affirmed. The trial court's decision granting Jed an $18,516.12 offset, by reason of its claim on the Erik Hansen Construction Company, is reversed. The agreement clearly states that any amount paid out by Universal on behalf of Hansen is recoverable by Universal from Jed.

AFFIRMED IN PART, AND IN PART REVERSED.