FLOYD D. MATULA, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

390 N.W.2d 500

Filed July 18, 1986.   No. 85-309.

J. William Gallup, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in an error proceeding brought by Floyd D. Matula to review an order of the personnel board of the City of Omaha, Nebraska. The personnel board affirmed the order of the chief of police suspending and discharging Matula from the Omaha Police Division. The district court affirmed the order of the personnel board. Matula has now appealed to this court.

In a proceeding in error, if the record shows that the administrative agency acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order must be affirmed. *Caniglia v. City of Omaha*, 210 Neb. 404, 315 N.W.2d 241 (1982).

Matula was employed as a lieutenant on the police force. The termination of his employment resulted from "inappropriate and unacceptable conduct towards two (2) female employees of the Omaha Police Division, one being a sworn police officer, and the other a civilian employee." Evidence before the personnel board showed that Matula had sexual contact with the two female employees. Matula maintained that the contacts were consensual, while the two employees testified that they were not.

In the district court, Matula claimed that the acts leading to his firing occurred more than 35 days prior to the disciplinary action taken by the city, and, therefore, his discharge was in violation of article 6, § 9, of the police labor contract. That provision of the contract provides: "Any disciplinary action must be initiated within thirty-five (35) days of the incident occasioning the disciplinary action. This time limitation shall not apply whenever the disciplinary action results from or is the product of a criminal investigation."

The record of the proceedings before the personnel board shows that the incidents involving the female police officer occurred between August and early October of 1983. The incident involving the civilian employee occurred in the early morning hours of January 2, 1984. On January 21, 1984, the female police officer, who was aware of the January 2, 1984, incident involving the civilian employee, told a supervising lieutenant about "everything that was going on." The civilian employee had confided in an Omaha police sergeant on January 2, but was adamant that he not report the incident.

On February 1, 1984, Matula was called to the office of the deputy chief of police and relieved of duty. On February 3, Matula received an interoffice letter which described the nature of the complaint and requested that he appear for an interview with the internal security unit of the police department. Matula appeared for the interview on February 6, 1984. On February 8, 1984, a letter from the chief of police was delivered to Matula's home. The letter notified Matula that pursuant to article 6, § 1, of the labor agreement between the city and the Omaha police union, he was suspended as a member of the Omaha Police Division for 15 days effective February 10, 1984, with termination effective February 25, 1984.

The district court found that discipline based on events involving the female police officer was barred by the 35-day rule in the labor agreement. The trial court, however, found that the disciplinary proceedings had been initiated within 35 days of the incident occasioning discipline as to the events involving the civilian employee. Specifically, the court found that disciplinary action was commenced by service of the written notification to Matula on February 3, 1984, by Lieutenant Burchard. The court also found that there was sufficient competent evidence of objectionable conduct by Matula involving the civilian employee to sustain the personnel board's decision to deny his appeal from the disciplinary action imposed by the chief of police.

Matula now contends that the district court erred (1) in finding that the disciplinary action was not barred by the contract provision (i.e., the 35-day rule) and (2) in finding that the disciplinary action was supported by competent evidence.

The record shows clearly that the personnel board had jurisdiction over this matter. It is also clear that there was "some competent evidence" to sustain the discipline imposed and that the disciplinary action was not barred by the 35-day rule in the labor agreement.

As to the 35-day rule, we are in agreement with the appellant that "[c]ontracts must receive a reasonable construction so as to give effect to the intention of the parties thereto and carry out rather than defeat the purpose for which they were executed." *General Motors Acceptance Corp. v. Blanco*, 181 Neb. 562, 566, 149 N.W.2d 516, 519 (1967). The appellant argues that the 35-day rule was intended to protect the police officer, not the City of Omaha. Nevertheless, the evidence shows that "disciplinary action" was "initiated" within 35 days of the incident involving the civilian employee.

Article 6, § 10, of the labor agreement provides that "[d]isciplinary action shall be defined as all written reprimands, demotions, suspensions and discharges." The appellant testified before the personnel board that he was "relieved of duty" on February 1, 1984. This action and the delivery of the February 3 letter by Lieutenant Burchard was "initiation" of disciplinary action within 35 days of the event occasioning disciplinary action. The term "initiate" has been defined as " 'an introductory step or action; a first move; beginning; start.' " *Fieldston Apts. v. City of N.Y.*, 7 Misc. 2d 147, 151, 145 N.Y.S.2d 907, 911 (1955). The February 1 suspension and the February 3 letter were both introductory steps or first moves in the police division's action which culminated in the appellant's 15-day suspension and termination. Both of these actions occurred within 35 days of the January 2, 1984, incident involving the civilian employee. As such, the discipline imposed in this case was not barred by the 35-day provision in the labor agreement.

If the evidence concerning events involving the appellant and the female police officer, which occurred more than 35 days before the initiation of disciplinary action, is disregarded, there is still "some competent evidence" in the record to sustain the discipline imposed and support the personnel board's decision to deny the appellant's appeal.

The civilian employee testified before the personnel board that she and the appellant were among several persons who gathered at the female police officer's apartment in the early morning hours of January 2, 1984. At about 2 or 3 a.m. the civilian employee, after several hours of drinking, began to feel ill. She eventually fell asleep on the floor of the apartment bathroom. She testified that the next thing she was aware of, after somehow being awakened, was the presence of another figure in the darkened bathroom. When she asked who was there, the person responded, "Shhh, it's okay, be quiet." She then became aware that her pants had been removed. The appellant then lay on top of her and penetrated her. She responded by putting her hand between herself and the appellant and stating, "I'm not on the pill and I don't want any of this." Another police officer attending the party then knocked on the door. The door was opened and the light came on. The door was then shut, and the appellant told the civilian employee to get her clothes on. The employee dressed and the appellant left the room.

A police sergeant who was at the same party testified that the appellant attempted to leave the party immediately after he reentered the living room of the apartment. The sergeant also testified that the civilian employee appeared upset as he (the sergeant) was about to leave the party.

Another police sergeant testified before the personnel board that he was contacted by the civilian employee while he was on duty, sometime shortly after the incident. As she approached his cruiser, the civilian employee appeared to be upset and trembling. After some prodding, the employee confided in the officer and told him essentially the same story as she testified to before the board. The one major discrepancy was that the employee denied the fact of penetration. This denial was made in response to the officer's inquiry and concern about the fact that a felony sexual assault had occurred. The employee was adamant that the officer not make out a crime report because she was concerned about how her father, also a sergeant in the Omaha Police Division, might respond to such a report. Upon being contacted the next morning, the civilian employee still did not want the officer to file a crime report. The officer then

advised her that she should make a report to the police division's internal security unit. A week later, the employee informed the officer that she thought it best to leave the matter alone.

The civilian employee also testified before the personnel board that the female police officer who accused the appellant of sexual misconduct between August and October of 1983 had made her (the civilian employee) promise not to report the January 2 incident because the appellant could make the officer's job rough.

The appellant testified that the civilian employee was cooperative and responsive during the January 2 incident.

Under the relevant labor agreement, the acts described by the civilian employee, and corroborated by other witnesses, were good cause for disciplinary action against the appellant. It is not the province of this court to interfere with and substitute its judgment for that of an administrative body "where there is no showing that the body acts arbitrarily, or from favoritism, ill will, fraud, collusion, or other such motives." *Best v. City of Omaha*, 138 Neb. 325, 328, 293 N.W. 116, 118 (1940).

We find no error in the district court's affirmance of the personnel board's decision to deny the appellant's appeal, as there was some competent evidence to sustain the decision of the board.

The judgment is affirmed.

AFFIRMED.