ARNOLD J. OSTWALD, JR., APPELLANT, V. CITY OF OMAHA, A METROPOLITAN CITY, AND THE OMAHA PERSONNEL BOARD, APPELLEES.

399 N.W.2d 783

Filed January 23, 1987.   No. 85-439.

James E. Schaefer, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Arnold J. Ostwald, Jr., was employed by the communications division, department of public safety, City of Omaha. On April 17, 1984, he was suspended for a period of 15

days, pending termination of employment effective May 2, 1984.

Ostwald had worked as a senior communications operator with the 911 system run by the City of Omaha. The 911 system is considered a support agency of the Omaha Police Division. Specifically, his duties and responsibilities consisted of working an assigned position and overseeing the shift as a supervisor. More specifically, the 911 operators are responsible for advising officers on the streets regarding reported crimes such as marijuana usage.

His suspension and subsequent discharge were as a result of telephone conversations held between Ostwald and his wife, also a 911 operator, concerning the purchase and use of marijuana for their personal consumption. Specifically, Ostwald was suspended and then discharged because he was found to have violated a portion of Omaha Mun. Code, ch. 23, art. II, § 23-291 (1982), which provided in part as follows:

> (j) Commission of acts or omissions unbecoming an incumbent of the particular office or position held, which render his or her reprimand, suspension, demotion or discharge necessary or desirable for the economical or efficient conduct of the business of the city or for the best interest of the city government.

Following his suspension and discharge, Ostwald appealed to the Omaha Personnel Board. The Omaha Personnel Board upheld the suspension and discharge. Ostwald then filed error proceedings in the district court for Douglas County, Nebraska, which also upheld his suspension and termination. It is from that decision which he now appeals to this court.

We have now reviewed the record and conclude that the record establishes that the board acted within its jurisdiction, and its findings are sustained by some competent evidence. We therefore sustain the action of the district court in upholding Ostwald's suspension and termination. See, *Caniglia v. City of Omaha*, 210 Neb. 404, 315 N.W.2d 241 (1982); *Matula v. City of Omaha*, 223 Neb. 421, 390 N.W.2d 500 (1986).

The evidence before the personnel board was uncontradicted. While Ostwald's wife was engaged in performing her duties as an operator of the 911 system, she

phoned Ostwald at home on a telephone which was a part of the 911 system, but which employees were permitted to use. The telephone conversation was known by the employees to be taped, as are all 911 telephone conversations. The telephone conversation makes it clear that Ostwald was apparently attempting to locate marijuana and that his wife was reporting to him that she was having difficulty locating the marijuana. Ostwald does not deny the substance of the conversation, but merely maintains that the use of the telephone for discussing the purchase of marijuana did not affect the efficient conduct of the business of the city and, therefore, should not have resulted in his discharge. In that regard, Ostwald reads the ordinance much too narrowly. We believe that it is clear that when an employee of the city, whose duties in part are to help apprehend persons using marijuana, himself engages in such activity, such action does constitute an act unbecoming an incumbent of the particular position, does affect the efficient conduct of the business of the city, and is not in the best interest of the city government.

Ostwald has simply failed to establish that error was committed by the city in discharging him for engaging in conversation, over the 911 telephone system, for the purpose of purchasing marijuana. The fact that the particular call monitored was initiated by Ostwald's wife rather than by Ostwald does nothing to change that situation. Had Ostwald not been a willing participant, he could have insisted that his wife hang up the phone and discontinue the conversation. Yet the conversation goes on for several minutes, with Ostwald urging his wife to find marijuana for him.

The judgment of the district court is affirmed.

AFFIRMED.