CITY OF GRAND ISLAND, APPELLANT, v. AMERICAN
FEDERATION OF STATE, COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO, ET AL., APPELLEES.

185 N. W. 2d 860

Filed April 16, 1971.   No. 37762.

Nelson, Harding, Marchetti, Leonard & Tate and William A. Harding, for appellant.

Kelly & Kelly and David D. Weinberg, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding before the Court of Industrial Relations brought by the City of Grand Island, Nebraska, the employer. The other parties are The American Federation of State, County and Municipal Em-

ployees, AFL-CIO (AFSCM); The International Brother-
hood of Electrical Workers, AFL-CIO (IBEW); and The
International Association of Firefighters, Local 647,
AFL-CIO (IAFF).

The three labor organizations, which are described in
the pleadings as petitioners, sought recognition from the
employer as collective bargaining agents for certain
groups of its employees. The parties were unable to
agree as to the appropriate employee unit for bargain-
ing purposes and as to whether certain employees should
be excluded as supervisory employees. The employer
then invoked the jurisdiction of the Court of Industrial
Relations to obtain a determination as to these matters.

In its brief filed in this court, the city contends that
the 1969 amendment to section 48-816, R. R. S. 1943
(Laws 1969, c. 407, § 5, p. 1408), is unconstitutional.
The issue cannot be raised by the city in this proceeding.

Before 1969, a city had no legal authority to bargain
with a labor organization. International Brotherhood
of Electrical Workers v. City of Hastings, 179 Neb. 455,
138 N. W. 2d 822. The 1969 amendment specifically au-
thorizes public employers to recognize employee organi-
zations, to negotiate collectively, and to enter into writ-
ten agreements with them. § 48-816, R. S. Supp., 1969.

This proceeding was commenced by the city to ob-
tain a determination as to the appropriate employee bar-
gaining unit for the purpose of negotiating collectively.
If the 1969 amendment is unconstitutional, there is no
purpose or basis for this proceeding. A litigant who
invokes the provisions of a statute may not challenge
its validity. He may not seek the benefit of it and at
the same time question its constitutionality. Shields v.
City of Kearney, 179 Neb. 49, 136 N. W. 2d 174.

The parties entered into three stipulations which have
simplified and narrowed the issues in the proceeding.
The principal issue remaining is whether there should
be a single bargaining unit consisting of all the employees
of the city or three units consisting of the utilities de-

partment employees; the fire division employees; and employees of the parks and recreation, public safety (excluding the fire division), and public works departments. A secondary issue is whether the captains and lieutenants of the fire department should be excluded from any bargaining unit.

The Court of Industrial Relations found that there should be three units for bargaining purposes consisting of the employees of the fire division; the utilities department; and the parks and recreation, public safety (exclusive of fire division), and public works departments; and that the captains and lieutenants should be included in the fire division employee unit. The city has appealed. There is no cross-appeal.

The review in this court is "in the manner provided by law for disposition of equity cases." § 48-812, R. R. S. 1943. We are required to reach an independent conclusion as to disputed issues of fact. § 25-1925, R. R. S. 1943.

The city contends that there should be only one bargaining unit for all city employees. The three labor organizations contend there should be three bargaining units.

There is evidence that, insofar as possible, the city has established uniform policies applicable to all employees on a city-wide basis in regard to rules, regulations, wage scales, sick leave, vacations, general leave, hospitalization insurance, grievances, and transfers. Discipline and retirement benefits apply to all nonuniform employees equally. The city argues that a single bargaining unit would promote a greater efficiency and conform to the centralization of management functions that is characteristic of its council-manager form of government.

The record also shows that Local 647, IAFF, was organized more than 20 years ago and that 33 of the 40 employees in the fire division, exclusive of the chief, want to be represented by that organization. The record

further shows that the employees of the fire division are required to have special skills and have working conditions which are different from those in any other division or department. Local 647, IAFF, argues that there is little or no community of interest between the employees of the fire division and the other employees of the city.

IBEW seeks only the representation of the employees of the utilities department and disclaims any interest in the representation of any other employees of the city. The employees of the utilities department are required to have special skills and there is no interchange of employees between this department and other city departments. Approximately 98 percent of the employees who would comprise the bargaining unit have requested representation by IBEW.

AFSCM seeks representation of the employees in the parks and recreation department, public works department, and public safety department exclusive of the fire division and disclaims any interest in representation of the utilities department employees or firefighters. Approximately 55 percent of the employees who would comprise this bargaining unit have requested representation by AFSCM.

In reaching its decision the Court of Industrial Relations found that decisions under the National Labor Relations Act were helpful but not controlling upon the court. We think this is a correct statement as to the consideration to be given to the decisions under the federal law.

In determining what is an appropriate bargaining unit under the federal law, consideration has been given to mutuality of interest in wages, hours, and working conditions; the duties and skills of the employees; the extent of union organization among the employees; and the desires of the employees. See, Continental Baking Co. v. Baker's Negotiating Group, 99 NLRB 777; 48 Am. Jur. 2d, Labor and Labor Relations, § 446, p. 325; Labor

Relations, CCH, Vol. 2, para, 2605, p. 6706. We think these factors support a determination that there should be three bargaining units consisting of the utilities department employees; the fire division employees; and the employees of the parks and recreation, public safety (excluding fire division), and public works departments.

The Court of Industrial Relations found that the chief and assistant chiefs should be excluded from the fire division unit but that the captains and lieutenants should be included. The city contends that the captains and lieutenants should have been excluded from the bargaining unit.

The federal law excludes supervisors from employee units, and it is generally held that supervisors should not be included in a collective bargaining unit. See 48 Am. Jur. 2d, Labor and Labor Relations, § 454, p. 331. Supervisors are defined in the federal law as any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. Title 29 U.S.C.A., § 152 (11), p. 233; 48 Am. Jur. 2d, Labor and Labor Relations, § 422, p. 306.

The fire division consists of the chief, 3 assistant chiefs, 6 captains, 3 lieutenants, and 27 unranked personnel classified as firefighters. An assistant chief is in direct control of each shift while it is on duty. There are two fire stations, and a captain is in charge of the station to which he is assigned while he is on duty. The lieutenants are in charge of the ladder company which is based at Station No. 1. The job specifications for the captains and lieutenants appear to be the same although the education and experience requirements are somewhat different.

The record shows that the captains have general charge of the personnel assigned to their station, and in the event of an alarm are in command until relieved by a superior officer. The lieutenants have similar authority but are not usually in charge of a station. In this respect it may be said that the captains and lieutenants have authority to "responsibly direct" the other firefighters. Although the captains and lieutenants have no authority, generally, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline the other firefighters, it is not essential that they possess such authority to be classified as supervisors.

As we view the record the captains and lieutenants should be classified as supervisory personnel and excluded from the employee bargaining unit of the fire division. The order of the Court of Industrial Relations should be modified accordingly. The order as modified is affirmed.

AFFIRMED AS MODIFIED.