Local Union No. 647, International Association of Fire Fighters, appellee and cross-appellant, v. City of Grand Island, a municipal corporation, appellant and cross-appellee.

244 N. W. 2d 515

Filed August 4, 1976. No. 40606.

Earl D. Ahlschwede, for appellant.

James A. Beltzer of Luebs, Tracy, Dowding, Beltzer & Leininger, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Newton, J.

Local Union No. 647, International Association of Fire Fighters, instituted this action in the Court of Industrial Relations praying that officers of the Grand Island Fire Department, below and including the rank of captain, be found eligible for union membership and a determination made relative to the scale of wages, benefits, and conditions of employment.

The previous contract between the union and the city expired in June 1975, and an attempt was made to

negotiate a new contract. The captains and lieutenants in the fire department expressed an intent to join the union. The city objected on the ground that they were supervisory personnel and hinted that union membership would be considered in regard to future promotions. The officers withdrew their union membership applications. Under such circumstances the issue is not moot as an element of duress is involved. We have previously held that these officers are supervisory personnel and because of a conflict of interest between their public duties and their union obligations they should not be included in a bargaining unit with subordinate employees. See City of Grand Island v. American Federation of S. C. & M. Employees, 186 Neb. 711, 185 N. W. 2d 860. Since that decision was rendered the Legislature has amended section 48-816, R. R. S. 1943, to permit firemen and policemen who are "subordinate to the chief of the department and his immediate assistant or assistants holding authority subordinate only to the chief" to be included in a bargaining unit with subordinate employees. Grand Island has a deputy chief and fire marshal who are subordinate only to the chief thus leaving captains and lieutenants free under the statute to join with subordinate employees in a bargaining unit. The city challenges this statute on constitutional grounds asserting that it is special legislation and makes an erroneous classification. The statutes of Nebraska do not prohibit other types of public employees acting in supervisory capacities from membership in bargaining units although the reasoning in the former Grand Island case would appear to do so. In a majority of the states which have adopted labor relations acts, they have failed to follow the federal example and bar supervisory employees from membership in bargaining units. We know of no instance in which statutes sanctioning or barring supervisory personnel as regards entry into bargaining units has been ruled unconstitutional.

Our present statute appears to espouse an interme-

diary stance as to firemen and policemen. It recognizes the conflict of interest which can result when supervisory personnel assume labor union obligations. The statute consequently bars the higher echelon of officers in these departments from entering into bargaining units but leaves the lower echelons free to do so. May the Legislature lawfully classify firemen and policemen differently than other public employees? Basically these two groups have duties, obligations, and responsibilities totally different from those of other public employee groups. They are primarily responsible for the protection of life and property. They are on a perpetual emergency basis. Their memberships are closely knit and in working together their lives are often dependent on fellow members. A close kinship between the members and their officers develops. This closeness and a recognition of the elements mentioned promotes efficiency and a willingness to work together. The development of these traits is in the public interest and the Legislature, in its discretion, has refrained from interfering with departmental relationships except where it deemed it to be essential to the interest of the employer that it do so. "It is competent for the Legislature to classify for purposes of legislation, if the classification rests on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified." Stahmer v. State, 192 Neb. 63, 218 N. W. 2d 893.

"The constitutional prohibition against special legislation does not prevent the Legislature from dividing a subject into classes, and a classification made pursuant to a public purpose which has a rational basis is not invalid." State ex rel. Meyer v. Knutson, 178 Neb. 375, 133 N. W. 2d 577.

"In construing an act of the Legislature all reasonable doubts must be resolved in favor of its constitution-

ality." Dwyer v. Omaha-Douglas Public Building Commission, 188 Neb. 30, 195 N. W. 2d 236.

Section 48-813, R. S. Supp., 1974, directs the Court of Industrial Relations to hear any petition filed with it within 60 days and enter an order thereon within 30 days after the hearing. In the present case, due to press of business, the court failed to comply with the limits set and the city asserts the court thereby lost jurisdiction. We disagree. The statutory provision is directory not mandatory. We have consistently held that a party will not be penalized because of a failure of a court to perform its proper function. See, Liljehorn v. Fyfe, 178 Neb. 532, 134 N. W. 2d 230; Omaha P. P. Dist. v. Nebraska P. P. Project, *ante* p. 477, 243 N. W. 2d 770.

The city asserts that its action in meeting with the captains and lieutenants and pressuring them not to join the local bargaining unit was permissible. Section 48-837, R. R. S. 1943, grants to public employees the right to join any employee organization they choose. In Mid-Plains Education Assn. v. Mid-Plains Nebraska Tech. College, 189 Neb. 37, 199 N. W. 2d 747, it is stated: "If the employee can demonstrate that adverse action against him was motivated by a desire to discourage or retaliate for union membership or activity, the action is unlawful."

The sufficiency of the evidence to sustain the order of the Court of Industrial Relations with reference to wages and fringe benefits is challenged by both parties. The evidence sustains the order of the Court of Industrial Relations.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein. I agree that supervisory employees have a right to organize and to be members of a union. I disagree, however, that supervisory employees should be permitted to join a union composed of all other employees. To

permit this action is to deny the city the control that can and should be exercised by supervisory employees.

In my opinion, the action of the Court of Industrial Relations permits too great a conflict of interest. What is the position of a captain or a lieutenant who recommends disciplinary action against an employee, in this case a firefighter, when both are members of the same union and the union decides, rightly or wrongly, to support the employee? I don't see under this situation how the interest of the city can be protected. The interest of the public is subordinated to the interest of the union. It seems to me the action is absurd when by the simple expedient of permitting the supervisory employees to organize their own union this conflict could be avoided.