NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, A CORPORATION, APPELLANT, v. NEBRASKA GAME AND PARKS COMMISSION, APPELLEE.

247 N. W. 2d 449

Filed December 8, 1976. No. 40748.

Steven D. Burns, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before SPENCER, NEWTON, and BRODKEY, JJ., and HASTINGS, District Judge, and KUNS, Retired District Judge.

NEWTON, J.

This is an appeal from the Court of Industrial Relations. The Nebraska Association of Public Employees, as plaintiff, sought designation as the bargaining agent for supervisory personnel of the Nebraska Game and Parks Commission, defendant. The court refused to

call an election or to permit such representation. We affirm the judgment of the Court of Industrial Relations.

Material to a solution of this case is a determination of what is meant by the terms "employer" and "Employee" for purposes of labor relations under Nebraska law. These terms have received a multiplicity of definitions under acts involving employer-employee relationships in other respects such as workmen's compensation and fair employment acts. None are applicable here. Resort must be had to legislative intention as expressed in Chapter 48, article 8, R. R. S. 1943. Most jurisdictions have specifically defined these terms and classified supervisory personnel as "management" as distinguished from employees. Experience under the National Labor Relations Act under which supervisory personnel were formerly classified as employees proved to be so unsatisfactory that it was amended by Congress so that supervisors could not be deemed employees. Presumably the Legislature was aware of the federal experience at the time the Nebraska act was amended in 1972 with regard to firemen and policemen.

Section 48-801, R. R. S. 1943, states: "Employer shall mean the State of Nebraska * * *" and that "Employee shall include any person employed by any employer * * *." The State, like a corporation, can only function through individual officers and assistants yet, strictly interpreted, the statute blandly ignores this fact. No line is drawn between management and labor. Department heads and officers would be free to enter into a bargaining unit with employees under their supervision and subject to be discharged by them. There would be no one left to negotiate in behalf of the State. Chaos would result and the public policy declared in section 48-802, R. R. S. 1943, would be completely nullified.

Section 48-823, R. R. S. 1943, provides that the act shall be liberally construed to effectuate the enunciated public policy. In City of Grand Island v. American Fed.

of S. C. & M. Employees, 186 Neb. 711, 185 N. W. 2d 860, we held that: "Individuals who are authorized to responsibly direct other employees are supervisory employees and should be excluded from an employee bargaining unit." That decision dealt with *all* city employees and personnel. Subsequently the Legislature amended section 48-816, R. S. Supp., 1969, to exempt certain fire and police officers from the effect of our ruling. The Legislature did not make a general amendment affecting all city managerial or supervisory officers, nor, indeed, did it exempt all fire and police officers. This restraint on the part of the Legislature demonstrates that it is cognizant of the necessity to separate departmental officials from the rank and file for bargaining purposes and we believe such to be the legislative intention.

To permit supervisory personnel to retain the same bargaining agent as the employees' union would be tantamount to permitting them to enter the same bargaining unit and such agent could, and doubtless would, manipulate its efforts jointly in behalf of each. We hold that supervisory or managerial personnel may not enter into a bargaining unit with rank and file employees and may not retain the same bargaining agent. In view of this holding, it is unnecessary to consider other assignments of error or propositions discussed in the briefs.

The order of the Court of Industrial Relations is affirmed.

AFFIRMED.