Appeal of the CITY OF ABERDEEN, a Municipal Corporation, from the Decision of Dennis W. Finch, Director of the Division of Labor and Management Relations, South Dakota Department of Manpower Affairs.

LOCAL 446, PROFESSIONAL FIRE-FIGHTERS ASSOCIATION, Petitioner, Appellant and Cross-Respondent,

v.

CITY OF ABERDEEN, South Dakota, Respondent and Cross-Appellant.

Nos. 11982, 12025.

Supreme Court of South Dakota.

Sept. 28, 1978.

Dennis Maloney of Maloney, Kolker, Fritz, Hogan & Johnson, Aberdeen, for petitioner, appellant and cross-respondent.

Charles B. Kornmann of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, Robert D. Miller, Aberdeen, for respondent and cross-appellant.

PORTER, Justice.

## CASE SUMMARY

Under the Public Employee Union Law, SDCL 3–18, a union sought formal recognition by the City of Aberdeen as the bargaining representative for all city firemen, except the Chief and assistant chiefs. The City refused, asserting that the firemen could be represented by the same union which the City had already recognized as the bargaining representative for certain other city employees.

After hearing under SDCL 3–18–4, the Director of the Division of Labor and Management Relations authorized the firemen

to proceed as a separate bargaining unit. On the City's appeal to the circuit court under the Administrative Procedure Act, SDCL 1–26, the circuit court reversed. On this appeal, we hold the separate unit proper under the criteria set out in SDCL 3–18–4, part of the Public Employee Union Law, and therefore reverse the circuit court judgment.

On a related issue, we affirm the holding of the Director and of the circuit court that the Aberdeen Fire Department captains and lieutenants are not supervisors under the applicable statute and regulations, and are therefore not barred from affiliating with the same bargaining unit as the firemen.

## FACTS

The Professional Firefighters Association, Local 446 (Union) petitioned the South Dakota Department of Labor, Division of Labor and Management Relations, for formal recognition and certification as the bargaining representative for all Aberdeen firemen except the Chief and assistant chiefs. The City of Aberdeen (City) filed a written objection to the proposed bargaining unit. After a hearing, the Director of the Division entered findings, conclusions, and an order that an election be conducted to determine the bargaining representative for all firemen of the City Fire Department, excluding the Chief and assistant chiefs. The City appealed to the circuit court from the Director's decision.

Upon review under the Administrative Procedure Act, the circuit court entered findings, conclusions and judgment that there should be only one bargaining unit for

all Aberdeen city employees. The circuit court affirmed the decision of the Director that captains and lieutenants in the Fire Department are not supervisory personnel and thus that they may affiliate with the same bargaining unit as the firemen. The Union appeals to this Court from the circuit court judgment denying the firemen a separate bargaining unit, and the City cross appeals from the judgment of the circuit court holding that Fire Department captains and lieutenants are not supervisory personnel.

## ISSUES

The two issues presented by this appeal are:

*ISSUE ONE*: Did the circuit court err in concluding that there should not be a separate bargaining unit for the firemen of the Aberdeen Fire Department?

*ISSUE TWO*: Did the circuit court err in concluding that captains and lieutenants in the City Fire Department are not supervisory personnel and that they may affiliate with the same bargaining unit as the firemen?

## DECISION

### ISSUE ONE

■ We conclude that the circuit court erred in holding that the city firemen may not be represented by a separate bargaining unit. SDCL 3–18–4, part of the Public Employee Union Law, sets out factors which are to be considered when a determination of the appropriate public employee bargaining unit is made.[1] The statute instructs the Department of Labor hearing

1. SDCL 3–18–4 states:

When a governmental agency declines to grant formal recognition or when a question concerning the designation of a representation unit is raised by the governmental agency, labor or employee organization, or employees, the department of manpower affairs or any person designated by it shall, at the request of any of the parties, investigate such question and, after a hearing if requested by any party, rule on the definition of the appropriate representation unit. The department shall certify to the parties in writing the

proper definition of the unit. In defining the unit, the department shall take into consideration, along with other relevant factors, the principles of efficient administration of government, the principles and the coverage of uniform comprehensive position classification and compensation plans in the governmental agency, the history and extent of organization, occupational classification, administrative and supervisory levels of authority, geographical location, and the recommendations of the parties.

officer (in this case, the Director of the Division of Labor and Management Relations) to *consider* the listed factors and *other relevant factors.* We do not construe the statute to require that there necessarily be evidence in the record before the Director as to each factor nor that a separate finding must invariably be made by the Director as to each factor.

From the evidence produced at the hearing before the Director, he found that employees of the Fire Department, except the Chief, have an average 56 hour work week. This week is based on a nine-day cycle in which they are on duty for 24 hours the first day, the third day, and fifth day, off-duty 24 hours on the second and fourth day, with the sixth through the ninth day off. The 24 hour shifts commence at 8:00 a. m.

In contrast to the above schedule, almost all other city employees work on a standard forty-hour week from 8:00 a. m. to 5:00 p. m. Monday through Friday. There is no interchange between firemen and other city employees. A hiring, promotion, and firing system separate from that used for other city employees is used for firemen.

The Director concluded that the job duties of firemen in Aberdeen are substantially different from those of other city employees, and that hours of work differ so substantially that it is not possible to find a community of interest between firemen and other city employees.

The Supreme Court of Nebraska recently considered whether the Nebraska Legislature could lawfully classify firemen and policemen differently from other public employees. Although not confronted with the precise question before us, the observation of the Nebraska Supreme Court describing the duties of police and firemen is pertinent:

> Basically these two groups have duties, obligations, and responsibilities totally different from those of other public employee groups. They are primarily responsible for the protection of life and property. They are on a perpetual emergency basis. Their memberships are closely knit and in working together their

lives are often dependent on fellow members. A close kinship between the members and their officers develops. This closeness and a recognition of the elements mentioned promotes efficiency and willingness to work together. *Local U. No. 647, etc. v. City of Grand Island,* 196 Neb. 693, 695, 244 N.W.2d 515, 517 (1976).

By SDCL 3–18–4 the Legislature directed that an issue concerning the appropriate bargaining unit under the Public Employee Union Law was to be decided, after hearing, by a hearing officer of the Division of Labor and Manpower Affairs. The decision is reviewable by the circuit court under the Administrative Procedure Act, but only to the extent provided in SDCL 1–26–36. We review the judgment of the circuit court in such case under the standard set out in *Piper v. Neighborhood Youth Corps,* S.D., 241 N.W.2d 868 (1976). We find the Director's decision supported by substantial evidence on the whole record and conclude that such evidence, when evaluated in the light of the factors to be considered under SDCL 3–18–4, requires affirmance of the Director's decision. A separate bargaining unit should be authorized for the firemen.

We note that the circuit court judicially noticed the ordinances of the City of Aberdeen, which ordinances established uniform policies for sick leave, vacations, wages, insurance, retirement, grievances, and other matters. The City argues that since the ordinances apply to the firemen and other city employees alike, that a single bargaining unit would promote efficient administration of government, one of the factors included in SDCL 3–18–4. Although the factors to be considered by the administrative agency were not statutory in Nebraska, as here, the same argument was rejected by the Supreme Court of Nebraska in *City of Grand Island v. American Fed. of S., C., & M. Emp.,* 186 Neb. 711, 714, 185 N.W.2d 860, 863 (1971). In *City of Grand Island v. American Fed. of S., C., & M. Emp.,* supra, the court concluded, on factual findings similar to those here, that the evidence was sufficient to uphold the administrative agency's determination that firemen were a

sufficiently unique group to allow their request for a separate bargaining unit. We assume without deciding that the circuit court could, by judicial notice, properly add to the record made in the hearing before the Director. We conclude, however, that the undisputed facts of substantial dissimilarity in the hiring, firing, promotion, hours of work, and essential mission of firemen, as compared to that of other city employees, is sufficient to support the Director's decision under SDCL 3–18–4.

## ISSUE TWO

■ We conclude that the Director and the circuit court were correct in finding that captains and lieutenants are not supervisors within the meaning of ARSD 47:02:01:01(12).[2] The rule states that a supervisor is one who has *authority* to do one or more of a list of things on a *regular basis.* Considering these criteria and the evidence on the record, we find substantial evidence to support the Director's finding and conclusion that the captains and lieutenants are not supervisors. Scope of review and the question of whether captains and lieutenants are supervisors are exhaustively treated in *City of Des Moines v. Public Employ. Rel. Bd.,* Iowa, 264 N.W.2d 324 (1978); and *City of Davenport v. Pub. Emp. Rel. Bd.,* Iowa, 264 N.W.2d 307 (1978). We adopt the rationale of these cases insofar as the applicable Iowa rule corresponds to ARSD 47:02:01:01(12).

There is no evidence that captains or lieutenants have authority to hire or effectively recommend hiring. This is done through civil service. There is also no evidence that captains and lieutenants have any authority to lay off or recall the firemen, or to effectively recommend any such layoff or recall.

The City contends that the captains and lieutenants are involved in the process of promotion, assignment and reward, at least where it concerns evaluations. The record, however, indicates only that the captain is to report to his superiors on the performance of probationary firemen and on other matters concerning promotion, assignment, or reward. Such reporting, in itself, is not sufficient to make an employee a supervisor. *City of Davenport,* supra, 264 N.W.2d at 321–322. In addition, there is little or no evidence as to how effective such recommendations are or whether they require the exercise of independent judgment, ARSD 47:02:01:01(12)(j).

The discharge and discipline requirements, ARSD 47:02:01:01(12)(e) and 47:02:01:01(12)(h), are more difficult of application here. Captains have authority to suspend firemen but only in an *emergency* for flagrant violations of the regulations or intoxication. They thus do not discipline other employees on a "regular basis." The captains' disciplinary functions consist of reporting to superiors. There are no provisions showing authority to recommend discipline as opposed to reporting conduct of the men.

We note, finally, that ARSD 47:02:01:01(12) does not contain a provision, as do the applicable federal, Iowa, and Nebraska rules, making one who "responsibly directs" other employees a supervisor. The courts have differed on the question of whether captains and lieutenants "responsibly direct" other firemen. Compare: *City*

---

2. ARSD 47:02:01:01(12) reads as follows:

"Supervisor," any individual having authority, in the interest of the employer to do one or more of the following on a regular basis:
(a) To hire;
(b) To lay off;
(c) To recall;
(d) To promote;
(e) To discharge;
(f) To assign;
(g) To reward;
(h) To discipline other employees;
(i) To adjust their grievance;
(j) To effectively recommend any of such action; if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment;
(k) A teaching principal shall not be considered a supervisor if he or she spends more than fifty per cent of his or her time teaching;
(*l*) Membership on a professional practices commission or committee shall not make a classroom teacher a supervisor unless he or she otherwise meets the requirements of this subdivision.

*of Davenport,* supra, 264 N.W.2d at 322–323, with: *City of Grand Island v. American Fed. of S., C., & M. Emp.,* supra, 185 N.W.2d at 864. Because of the absence of such a clause in the applicable South Dakota rule, we do not reach this question.

## CONCLUSION

For the reasons stated, we reverse that portion of the circuit court's judgment which reversed the Director's unit determi- nation, and affirm that portion holding that captains and lieutenants are not supervisors.

All the Justices concur.