INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL 1536, APPELLEE, V. LINCOLN ELECTRIC
SYSTEM, APPELLANT.

341 N.W.2d 340

Filed December 9, 1983. No. 82-663.

Douglas L. Curry of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry and Gordon, for appellant.

Thomas C. Lansworth of Bauer, Galter & Geier, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The respondent, Lincoln Electric System, has appealed from the order of the Commission of Industrial Relations determining the composition of the bargaining unit represented by the petitioner.

The commission found that the line clearance crew foremen, the equipment mechanic crew foremen, the line construction and maintenance foremen, and four classifications of employees in the power supply division should be included in the bargaining unit. The substation construction foreman, meter department crew foreman, and communication and test technician crew foreman were excluded from the bargaining unit.

The respondent contends that the crew foremen and the employees in the power supply division should not be included in the bargaining unit. Only the respondent has appealed from the order of the commission.

The issue with respect to the crew foremen is whether they are supervisory personnel and should be excluded from an employee bargaining unit. In *City of Grand Island v. American Federation of S. C. & M. Employees*, 186 Neb. 711, 185 N.W.2d 860 (1971), we determined that individuals who are authorized to responsibly direct other employees are supervisory employees and should be excluded from an employee bargaining unit. See, also, *Nebraska Assn. of Pub. Emp. v. Nebraska Game & Parks Commission*, 197 Neb. 178, 247 N.W.2d 449 (1976).

The evidence in this case shows that the line of authority in the operations division is generally from the operations manager through a supervisor, general foreman, and crew foreman to the individual workmen. Each crew foreman who is under a general foreman receives orders and supervision from his general foreman. However, the crew foreman is responsible for the direction and management of the employees assigned to his crew, including the training of apprentices, and is required to perform employee performance appraisals of the members of his crew.

The fact that the foremen also perform the same or some of the same duties as other members of the crew and work alongside the other members of the crew is not determinative. The controlling consideration is that the crew foremen are authorized and required to responsibly direct the other members of the crew. We conclude that the finding of the commission on the issue in regard to the crew foremen involved in this appeal is not supported by substantial evidence and must be reversed.

The remaining issue is whether three generation employees in the power supply division should be

included in the bargaining unit comprised of employees in the operations division of the respondent. The evidence is that the power supply division is a separate division and that there is little relationship between the two divisions. The generation employees involved are classified as boiler operator, Operator I, and Operator II. There are five employees in these classifications, of whom three are members of the petitioner. There are approximately 17 employees in similar power supply division classifications who are not members of the petitioner.

We think the evidence fails to show a community of interest between the employees of the two divisions. Factors to be considered in determining whether a community of interest exists are mutuality of interest in wages, hours, and working conditions; the duties and skills of the employees; the extent of union organization among the employees; the desires of the employees; the extent of employee interchange; and the policy against fragmentation of units. *City of Grand Island v. American Federation of S. C. & M. Employees, supra*; *American Assn. of University Professors v. Board of Regents*, 198 Neb. 243, 253 N.W.2d 1 (1977); *Sheldon Station Employees Assn. v. Nebraska P.P. Dist.*, 202 Neb. 391, 275 N.W.2d 816 (1979).

The commission based its finding on this issue on the facts that the employees of both divisions enjoy the same fringe benefits, the generation employees do not require a significantly greater amount of education or training, and the generation employees involved have been members of the bargaining unit for 2 years. These factors do not outweigh the facts that the divisions operate separately, the employees of the two divisions perform entirely separate duties, and there has been little union organization among the employees of the power supply division. We conclude that the finding of the commission on this issue is not supported by substantial evidence and must be reversed.

The order of the commission is affirmed in part and in part reversed and the cause remanded.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.

KRIVOSHA, C.J., not participating.