INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 244, APPELLANT, V. LINCOLN ELECTRIC SYSTEM, APPELLEE.

385 N.W.2d 433

Filed April 25, 1986.    No. 85-004.

David D. Weinberg of Weinberg & Weinberg, P.C., for appellant.

Douglas L. Curry, Soren S. Jensen, and J. Russell Derr of Erickson & Sederstrom, P.C., for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Plaintiff-appellant, International Brotherhood of Electrical Workers Local 244 (Local 244) filed a petition with the Commission of Industrial Relations (CIR) in June of 1984 seeking recognition and representation of employees in a bargaining unit consisting of crew foremen employed in the operations department of respondent-appellee, Lincoln Electric System (LES). LES answered, stating that the bargaining unit was inappropriate because the title of crew foreman is not an appropriate unit for bargaining and if Local 244 became certified, the result would be that supervisory and nonsupervisory employees would be part of the same bargaining unit. Trial was held and the CIR dismissed Local 244's petition and request for an election. The CIR concluded

that since both locals were affiliated with the same international union, a conflict of interest could result.

The issue on appeal in this case is whether the CIR erred in dismissing appellant's petition because supervisors and the employees they supervise, represented by another union, belong to the same international union and the international union's control over the two unions creates the possibility of a conflict of interest and prevents the two local unions from acting independently in collective bargaining relationships with the same employer.

In reviewing a decision of the CIR, this court will consider whether the decision is supported by substantial evidence, whether the CIR acted within the scope of its statutory authority, and whether its action was arbitrary, capricious, or unreasonable. *City of Omaha v. Omaha Police Union Local 101, ante* p. 197, 382 N.W.2d 613 (1986). It is not for the Supreme Court to resolve conflicts in the evidence. Credibility of witnesses and the weight to be given their testimony are for the administrative agency as a trier of fact. *In re Appeal of Levos,* 214 Neb. 507, 335 N.W.2d 262 (1983).

Crew foremen and crew leaders employed in the operations department of LES were formerly members of a bargaining unit represented by Local 1536 of the International Brotherhood of Electrical Workers, AFL-CIO (Local 1536). Local 1536 also represented the employees these crew foremen and crew leaders supervised, and LES challenged the status of the supervisors on the ground that a collective bargaining unit could not legally include both supervisory and nonsupervisory employees. This issue was resolved by this court in December of 1983 when it was decided that Local 1536 could not represent both the rank and file employees and their supervisors. *IBEW Local 1536 v. Lincoln Elec. Sys.,* 215 Neb. 840, 341 N.W.2d 340 (1983).

Following this decision, the supervisors, with the assistance of Ken Sawyer, the regional international representative of IBEW, attempted to organize themselves as a separate bargaining unit within Local 1536. When they were informed that LES would not recognize them in this capacity, they decided to attempt to make a group transfer to Local 244. Ken

Sawyer again assisted them in their efforts. In May of 1984 Local 244 agreed to accept the supervisors as a separate bargaining unit, and most of the supervisors have been members of Local 244 since June 1, 1984. The change in the bylaws of Local 244 necessary to accept the new members and the group transfer itself were both approved by the international union as required in the IBEW constitution and rules for local unions and councils under its jurisdiction (IBEW constitution). LES refused to recognize the supervisors as members of Local 244, and Local 244 petitioned the CIR for relief.

The CIR found that the crew foremen and crew leaders comprised an appropriate unit for collective bargaining under the criteria established by the CIR and this court. The CIR next considered whether the IBEW's control and influence over the supervisory employees, represented by Local 244, and the employees they supervise, represented by Local 1536, create the possibility of a conflict of interest between the two locals and prevent them from acting independently in their collective bargaining relationship with LES. The CIR concluded that IBEW's potential and actual control was sufficient to warrant a dismissal of Local 244's petition. We agree.

We decided in *City of Grand Island v. American Federation of S. C. & M. Employees*, 186 Neb. 711, 185 N.W.2d 860 (1971), that supervisory personnel cannot be represented in the same bargaining unit with rank and file employees. In *Nebraska Assn. of Pub. Emp. v. Nebraska Game & Parks Commission*, 197 Neb. 178, 247 N.W.2d 449 (1976), we held that supervisory or managerial personnel may not retain the same bargaining agent as the employees' union because that would be tantamount to permitting them to enter the same bargaining unit. The mere fact that each local union can be traced back to a common international union, however, will not be enough to show that the locals are affiliated with each other. There must be a positive showing that the national has authority and power to exercise control over both locals and that it is actually exercising that control. *Lincoln City Employees Union v. City of Lincoln*, 210 Neb. 751, 317 N.W.2d 63 (1982).

In this case there is sufficient evidence of control by the

international union and the possibility of a conflict of interest which could prevent independent collective bargaining to support the CIR's decision. Sawyer is the regional international representative for both locals. His duties, as an employee of IBEW, include assisting local unions in negotiation of contracts, handling arbitration cases, and investigating interunion matters as directed by the international president. His functions specifically include assisting local unions in developing bargaining strategy. The potential for a conflict of interest is apparent under these circumstances.

Both Local 244 and Local 1536 are chartered by the IBEW, governed by the IBEW constitution, and participate in the international convention through their elected delegates. The locals are allowed to adopt bylaws governing their affairs only with the approval of IBEW. Similarly, a member who desires to transfer from one local to another must have approval from the international organization. The IBEW constitution provides that "No L.U. [local union] shall allow its members to work for any employer in difficulty with any other L.U. of the I.B.E.W., providing the I.P. [international president] has recognized such difficulty." Control by the international union is amply demonstrated in the record of this case.

The decision of the CIR is affirmed.

AFFIRMED.